[Cite as *State v. Davis*, 2013-Ohio-2637.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | CASE NO.   CA2012-09-194 |
| Plaintiff-Appellee, | : |  |
|  | : | O P I N I O N<br>6/24/2013 |
| - vs - | : |  |
|  | : |  |
| GEORGE D. DAVIS II, | : |  |
| Defendant-Appellant. | : |  |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-06-0858

Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Jeffrey W. Bowling, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant

**M. POWELL, J.**

{¶ 1}   Defendant-appellant, George D. Davis II, appeals his sentence in the Butler County Court of Common Pleas for trafficking in heroin and importuning.

{¶ 2}   On July 3, 2012, the Butler County Grand Jury indicted Davis on one count each of trafficking in heroin in violation of R.C. 2925.03(A)(1), importuning in violation of R.C. 2907.07(D)(1), and compelling prostitution in violation of R.C. 2907.21(A)(2)(a).  Davis initially

pled not guilty, but after reaching a plea agreement with the state, Davis pled guilty to trafficking in heroin and importuning, as charged, and to a reduced charge of attempted compelling prostitution. The trial court held a plea, disposition and sexual classification hearing on September 14, 2012. During this hearing, the state presented the following facts from which these charges arose:

> [A]s to count one, on or about April the 15th of 2012 at Fairfield, Butler County, Ohio, George Davis did knowingly sell or offer to sell heroin or a compound, mixture or preparation of substance containing heroin, when the offense was committed in the vicinity of a school or in the vicinity of a juvenile. In this case a juvenile being [C.]J. whose date of birth is December 13th of 1996. * * *.

> As to count two, on or about April the 15th of 2012 in Fairfield, Butler County, Ohio, George Davis did solicit another by means of a telecommunication device as defined in Section 2913.01 of the Revised Code to engage in sexual activity with the offender when the offender is 18 years of age or older and the other person is 13 years of age or older, but less than 16 years of age and the offender knows the other person is 13 years of age or older, but less than 16 years of age or is reckless in that regard and the offender is four or more years older than the other person. The defendant in this case having a date of birth of March 3rd, 1988, soliciting [C.]J. who's date of birth is December the 13th of 1996 via text messages to engage in sexual intercourse. * * *.

> As to count three, on or about April the 15th of 2012 in Fairfield, Butler County, Ohio, George Davis did knowingly attempt to induce, procure, solicit, request or otherwise facilitate a minor to engage in sexual activity for hire. The minor being [C.]J. who's date of birth is December 13th of 1996.

{¶ 3} After conducting a plea colloquy, the court accepted Davis' guilty plea and made a finding of guilt as to all three counts. Davis waived the presentence investigation report, and the court proceeded with sentencing. Prior to imposing sentence, the trial court considered whether any of the offenses merged. Davis asserted his position that "the offenses are allied offenses" but ultimately "defer[red] to the Court's knowledge and understanding and interpretation of the law." The state similarly deferred to the court as to

allied offenses. The court found that based on the facts of this case, trafficking in heroin and attempted compelling prostitution merged, but that importuning and trafficking in heroin would not merge. In reaching this determination, the court stated:

> Count three involves an element that the sexual activity be for hire. Count one envisions a sale or offer of sale - - to sell. A sale of course involves drugs or merchandise in return or consideration for hire, as alleged to be the consideration and has now found to be the consideration for sexual activity for hire.
>
> So the court will find that those offenses, Counts one and three are so closely allied as to the facts, and the law applying the Johnson criteria that they are indeed allied offenses.
>
> * * *
>
> [I]n this Court's estimation counts one and two are not allied offenses. Count one is trafficking, of course, knowingly selling or offering to sell drugs, committed in the vicinity of a school. Count two is soliciting another by means of a telecommunication device to engage in sexual activity and of course the age requirement set forth in the statute. The acts and conduct committed in count two were completely opposite and different from the acts necessary to complete the offense in count one. So the court will find that the offenses do not correspond to such degree that the conduct of the defendant constituting the commission of count one would result in the commission of count two.
>
> Furthermore, the Court will find that the - - based upon the facts and evidence, that the defendant had a separate state of mind in committing both counts one and two, a separate animus. Therefore, they are not allied.

Based on this finding, the trial court merged trafficking in heroin and attempted compelling prostitution. The stated elected for Davis to be sentenced on the trafficking in heroin charge. The trial court then sentenced Davis to 18 months on count one, trafficking in heroin, and 12 months on count two, importuning, to be served consecutively, for an aggregate sentence of 2 years and 6 months. The trial court also classified Davis as a Tier II sex offender based on his guilty plea to attempted compelling prostitution. Davis now appeals asserting his convictions for trafficking in heroin and importuning should also have been merged and that

he was improperly classified as a Tier II sex offender

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE CHARGE OF TRAFFICKING AND IMPORTUNING ARE CRIMES OF SIMILAR IMPORT AND A CONVICTION OF BOTH REQUIRES THE STATE TO ELECT THE CONVICTION UPON WHICH THE COURT SHALL SENTENCE THE OFFENDER.

{¶ 6} In his first assignment of error, Davis argues he committed both trafficking in heroin and importuning with the same conduct when he "by a telecommunications device, offered to sell heroine (sic) to [C.J.], a fifteen year old girl, in exchange for sexual intercourse." Accordingly, he asserts that these offenses are allied offenses and the court erred in sentencing him on both offenses. We find no merit to this argument.

{¶ 7} An appellate court applies a de novo standard of review in reviewing a trial court's R.C. 2941.25 merger determination. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28. As Davis argued below that all three offenses should merge, we review the trial court's merger determination de novo. *Id.*; *see also State v. Willis*, 12th Dist. CA2012-08-155, 2013-Ohio-2391, ¶ 34.

{¶ 8} "The defendant bears the burden of establishing his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act." *State v. Lewis*, 12th Dist. No. CA2008-10-045, 2012-Ohio-885, ¶ 14, citing *State v. Mughni*, 33 Ohio St.3d 65, 67 (1987) (pre-Senate Bill 2 case superseded by statute on other grounds). R.C. 2941.25 prohibits the imposition of multiple punishments for the same criminal conduct and provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two

or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 9} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Supreme Court clarified the test used to determine whether offenses are allied offenses of similar import under R.C. 2941.25. This test is "more dependent on the conduct of the defendant" and the court should "consider the statutory elements of each offense in the context of defendant's conduct." *Williams* at ¶ 16, 20. Under this test, courts must first determine "whether it is possible to commit one offense *and* commit the other with the same conduct." (Emphasis sic.) *State v. McCullough*, 12th Dist. Nos. CA2010-04-006 and CA2010-04-008, 2011-Ohio-992, ¶ 14, quoting *Johnson* at ¶ 48. In making this determination, it is not necessary that the commission of one offense would always result in the commission of the other, but instead, the question is simply whether it is possible for both offenses to be committed with the same conduct. *State v. Craycraft*, 193 Ohio App.3d 594, 2011-Ohio-413, ¶ 11 (12th Dist.), citing *Johnson* at ¶ 48.

{¶ 10} If it is found that the offenses can be committed by the same conduct, courts must then determine "whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Johnson* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50. If both questions are answered in the affirmative, the offenses are allied offenses of similar import and must be merged. *Johnson* at ¶ 50. However, if the commission of one offense will never result in the commission of the other, "or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *State v. Standifer*, 12th Dist. No. CA2011-07-071, 2012-Ohio-3132, ¶ 66, quoting *Johnson* at ¶ 51.

{¶ 11} Applying *Johnson* to the facts of this case, we must first determine whether it is

*possible* to commit the offenses of trafficking in heroin and importuning with the same conduct. The indictment and bill of particulars provide that Davis committed trafficking in heroin when he knowingly sold or offered to sell heroin in the vicinity of a school or a juvenile. The indictment and bill of particulars further provide that Davis committed importuning when, by way of a text message, he solicited a juvenile older than 13, but younger than 16, to engage in vaginal intercourse. A sale, as contemplated under R.C. 2925.01, includes an exchange. R.C. 2925.01(A); R.C. 3719.01(AA); *State v. Dinozzi*, 12th Dist. No. CA2002-02-014, 2003-Ohio-2012, ¶ 40. If the sale or offer to sell heroin to the juvenile included the exchange of sex for the heroin, then these two offenses could be committed with the same conduct.

{¶ 12} Next, we must determine whether the offenses were *in fact* committed by the same conduct, meaning a single act with a single state of mind. Davis asserts he committed both offenses with the same conduct when he "by a telecommunications device, offered to sell heroine (sic) to [C.J.], a fifteen year old girl, in exchange for sexual intercourse." However, the record does not support Davis' recitation of the facts of this case. In fact, nothing in the record suggests that importuning and trafficking in heroin were committed in this manner or by a single act by Davis. Rather, the record reveals the exact opposite.

{¶ 13} Davis pled guilty to importuning and trafficking in heroin. The statement of facts read into the record at the plea hearing, the language of the indictment, and the bill of particulars all indicate that Davis committed trafficking in heroin when he sold or offered to sell heroin in the vicinity of a school or in the vicinity of C.J. and that he committed importuning when he sent C.J. a text message requesting her to engage in vaginal intercourse. There is nothing in these facts that connect the trafficking in heroin offense to the importuning offense. The facts relating to importuning makes no mention of heroin, but rather involves solely the solicitation of C.J. to engage in vaginal intercourse. Moreover, the

trafficking in heroin offense does not indicate that the sale or offer to sell heroin occurred through the use of a telecommunications device. Certainly, there is an argument to be made that these offenses could have arisen by the same conduct, as it is possible that there was one communication by Davis where he offered to sell or sold C.J. heroin in exchange for sex. It is equally possible that there was a communication separate from the sale or offer to sell heroin wherein Davis only solicited C.J. for sex. In reviewing the court's merger determination we are limited to what is in the record. *See Lewis* at ¶ 21.

{¶ 14} After a review of the record, we find nothing to suggest that these two offenses occurred by way of a single act by Davis, with a single state of mind. In reaching this determination we note that Davis did only what was minimally necessary to raise this issue below. Davis merely asserted his "position" that the offenses were allied offenses of similar import but did not make any arguments as to why the offenses were allied and ultimately deferred to the trial court. The trial court considered the evidence of the offenses before it and determined trafficking in heroin and importuning were not allied offenses of similar import. Moreover, on appeal, Davis failed to point to anything in the record to rebut the finding that the offenses were separate and distinct, and therefore, he has failed to exemplify his claimed error. *See* App.R. 16(A)(7).

{¶ 15} On the limited record before us, we find that importuning and trafficking heroin were committed by separate acts and therefore constituted separate conduct. Accordingly, the trial court did not err in finding trafficking in heroin and importuning were not allied offenses of similar import. R.C. 2941.25.

{¶ 16} Davis' first assignment of error is overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} ONCE MR. DAVIS PLED GUILTY TO TRAFFICKING IN HEROINE (SIC), IMPORTUNING AND COMPELLING PROSTITUTION; THE COURT FOUND THAT

TRAFFICKING IN HEROINE [SIC] AND COMPELLING PROSTITUTION WERE CRIMES OF SIMILAR IMPORT, AND; THE STATE ELECTED TO MERGE COMPELLING PROSTITUTION FOR SENTENCING, THE COURT ERRED IN CLASSIFYING MR. DAVIS A TIER II SEX OFFENDER SINCE IMPORTUNING IS DEFINED AS A TIER I SEX OFFENSE.

{¶ 19} In his second assignment of error, Davis contends he should have been classified as a Tier I sex offender because he received a sentence for importuning which is only a Tier I sex offense. Davis argues the attempted compelling prostitution charge, a Tier II sex offense, was "dismissed" when it was merged with the trafficking in heroin charge, and therefore, his sex offender classification may not be based on that offense. In making this argument, Davis asserts that *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, requires the court to "dismiss" the charge that merges. We find no merit to this argument.

{¶ 20} In rejecting Davis' claims, we first note that the Supreme Court has made it clear that a court's finding two offenses to be allied offenses of similar import, pursuant to the test set forth in *Johnson*, does not require the dismissal of one of the charges. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 27. Rather, "[b]ecause R.C. 2941.25(A) protects a defendant only from being punished for allied offenses, the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing. Thus, the trial court should not vacate or dismiss the guilt determination." *Id.* Accordingly, although attempted compelling prostitution was merged into trafficking in heroin for sentencing, Davis' guilt determination, by way of his guilty plea, remained intact. Moreover, the plain language of R.C. 2950.01 indicates that Davis may be classified as a sex offender merely by way of his guilty plea to compelling prostitution, as this offense is a sexually-oriented offense. R.C. 2950.01(A); R.C. 2950.01(F).

{¶ 21} Pursuant to R.C. 2950.01(F)(1)(a) and R.C. 2950.01(F)(1)(i), a Tier II sex offender, is "[a] sex offender who is convicted of, *pleads guilty to*, has been convicted of, or

*has pleaded guilty to * * * [a] violation of section 2907.21"* or an attempted violation of this section. (Emphasis added.) Here, the record is clear. Davis pled guilty to attempted compelling prostitution in violation of R.C. 2907.21 and R.C. 2923.02. As such, the trial court properly classified Davis as a Tier II sex offender.

{¶ 22} Davis' second and final assignment of error is overruled.

{¶ 23} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.