[Cite as *State v. Brown*, 2018-Ohio-137.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-05-060 |
| | : | O P I N I O N |
| - vs - | | 1/16/2018 |
| | : | |
| DERRICK BROWN, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-01-0027


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Derrick Brown, appeals from his multiple convictions in the Butler County Court of Common Pleas. For the reasons detailed below, we affirm.

{¶ 2} On February 1, 2017, the Butler County Grand Jury indicted Brown on 19 counts, including aggravated murder, aggravated robbery, aggravated burglary, aggravated arson, as well as numerous weapons counts, gross abuse of a corpse, and charges for

participating in a criminal gang.

{¶ 3} Brown pled guilty and was found guilty of: (1) attempted burglary in violation of R.C. 2923.02 and R.C. 2911.12(A)(2), a third-degree felony, (2) aggravated murder in violation of R.C. 2903.01(B), an unclassified felony, (3) aggravated robbery in violation of R.C. 2911.01(A)(3), a first-degree felony, (4) aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony, (5) having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony, and (6) participating in a criminal gang in violation of R.C. 2923.42, a second-degree felony. In addition, the aggravated murder, aggravated robbery, and aggravated burglary offenses also included firearm specifications and a specification for being involved in a gang. The attempted burglary offense also included a firearm specification.

{¶ 4} During sentencing, Brown's trial counsel argued that the sentences for aggravated murder, aggravated robbery, and aggravated burglary were allied offenses of similar import. The trial court found that the offenses were not allied and imposed a sentence of 51 years to life. Brown now appeals the decision of the trial court, raising a single assignment of error for review:

{¶ 5} THE TRIAL COURT COMMITTED ERROR WHEN IT FAILED TO MERGE MR. BROWN'S CONVICTIONS OF AGGRAVATED MURDER, AGGRAVATED ROBBERY, AND AGGRAVATED BURGLARY AS REQUIRED BY R.C. 2941.25.

{¶ 6} In his sole assignment of error, Brown argues that his convictions for aggravated murder, aggravated robbery, and aggravated burglary were allied offenses of similar import. Therefore, Brown contends that the trial court erred by failing to merge those convictions. We find no merit to Brown's argument.

{¶ 7} Pursuant to R.C. 2941.25, Ohio's allied-offenses statute, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Rodriguez*, 12th

Dist. Butler No. CA2015-02-024, 2016-Ohio-452, ¶ 23. If any of the following occurs, the defendant may be convicted and sentenced for multiple offenses: "(1) the offenses are dissimilar in import or significance – in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 25. Two or more offenses of dissimilar import exist "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23.

{¶ 8} "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Id.* at ¶ 26. An appellate court applies a de novo standard of review in reviewing a trial court's R.C. 2941.25 merger determination. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28. "The defendant bears the burden of establishing his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act." *State v. Lewis*, 12th Dist. Clinton No. CA2008-10-045, 2012-Ohio-885, ¶ 14; *State v. Davis*, 12th Dist. Butler No. CA2012-09-194, 2013-Ohio-2637, ¶ 8.

{¶ 9} Brown was convicted, in pertinent part, of aggravated murder, aggravated robbery, and aggravated burglary. As to Brown's aggravated murder conviction, pursuant to R.C. 2903.01:

> (B) No person shall purposely cause the death of another or the unlawful termination of another's pregnancy while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping, rape, aggravated arson, arson, aggravated robbery, robbery, aggravated burglary, burglary, trespass in a habitation when a person is present or likely to be present, terrorism, or escape.

In addition, Brown was convicted of aggravated robbery, which is defined in R.C. 2911.01:

> (A) No person, in attempting or committing a theft offense, as

defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

\* \* \*

(3) Inflict, or attempt to inflict, serious physical harm on another.

Brown was also convicted of aggravated burglary, as defined in R.C. 2911.11:

(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

{¶ 10} As previously noted, Brown pled guilty to the relevant offenses. The statement of facts read into the record at the plea hearing mirrored the language in the indictment and bill of particulars. *Lewis*, 2012-Ohio-885 at ¶ 14 (defendant bears the burden of proof in merger analysis). The evidence in the record reveals that Brown and two accomplices attempted to force entry into a residence. The victim and owner of the residence approached the offenders outside, at which time Brown and his accomplices chased the victim back inside the residence. Thereafter, Brown and his accomplices shot the victim multiple times, then stole the victim's cell phone and medication. The victim died as a result of the multiple gunshots.

{¶ 11} Following review, we find the trial court did not err by declining to merge the aggravated robbery, aggravated burglary, and aggravated murder charges. Based on the relevant st atutes, it is clear the elements of aggravated murder and those of the crimes of aggravated robbery and aggravated burglary are different such that the commission of one does not result in the commission of the other. *See State v. Tyler*, 6th Dist. Lucas No. L-06-

1326, 2010-Ohio-1368, ¶ 53. Furthermore, the limited evidence entered into the record supports a finding that the three offenses were not allied offenses. Here, Brown separately committed the acts of aggravated robbery, aggravated burglary, and aggravated murder. The trial court considered the evidence of the offenses before it determined that the relevant offenses were not allied offenses of similar import. Accordingly, we find the trial court did not err by finding that Brown's convictions for aggravated murder, aggravated burglary, and aggravated robbery were not allied offenses of similar import. Brown's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.