OPINION
{¶ 1} Defendant-appellant, Tyrone Jasper, appeals his convictions in the Butler County Court of Common Pleas on counts of theft, petty theft, attempted possession of cocaine, and possession of cocaine. We affirm the convictions.
 {¶ 2} Appellant was arrested in September 2004 for theft. In November 2004, while released on bond for this offense, he was arrested for petty theft, and attempted possession of cocaine. Appellant was again released on bond and in December 2004 was arrested for Butler CA2005-03-060 CA2005-03-061 petty theft and possession of cocaine. In January 2005 appellant pled guilty to all the charges. Appellant was sentenced to a one-year prison term for theft, and a one-year prison term for possession of cocaine. The sentences were ordered to run consecutively. He was sentenced to a 180-day jail term for each count of petty theft and attempted possession of cocaine, to run concurrently with the one-year prison terms. He appeals, raising two assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "WHETHER APPELLANT ENTERED INTO HIS PLEA AGREEMENT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY."
 {¶ 5} In his first assignment of error, appellant argues that his plea was not made knowingly, intelligently, and voluntarily because he was not aware that by pleading guilty he would be subject to consecutive sentences.
 {¶ 6} When a defendant enters a guilty plea in a criminal case, the plea must be made "knowingly, intelligently, and voluntarily." State v.Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-179. Prior to accepting a guilty plea, the trial court must personally address the defendant to determine that the plea is made voluntarily and that the defendant comprehends the crimes charged, the maximum penalties, as well as his ineligibility for probation or community control sanctions, if applicable. Crim.R. 11(C)(2)(a). The court must also ensure that the defendant understands that the court may enter judgment and impose sentence upon acceptance of the guilty plea. Crim.R. 11(C)(2)(b).
 {¶ 7} A trial court is required to personally address a defendant at a plea hearing regarding "the maximum penalty involved." Crim.R. 11(C)(2). However, it is not required to inform the defendant that his sentences may be imposed consecutively. See State v. Johnson (1988),40 Ohio St.3d 130, paragraph one of the syllabus. In Johnson, the Ohio Supreme Court stated: "[t]here is no specific requirement in [Crim.R. 11] that an explanation be made that any sentences as given may run consecutively, or only concurrently, as might benefit the defendant. We shall not at this time implant verbiage that is not presently in the rule." Id. at 133-134. Pursuant to Johnson, we find that the trial court did not err by not informing appellant that the sentences could be served consecutively. See State v. Hart, Butler App. No. CA2003-08-195,2004-Ohio-4525, ¶ 14; State v. Bates, Fayette App. No. CA2001-10-18, 2002-Ohio-5512, ¶ 41. The assignment of error is overruled.
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "WHETHER APPELLANT'S PRISON SENTENCE WAS AN ABUSE OF THE TRIAL COURT'S DISCRETION AND CONTRARY TO LAW."
 {¶ 10} In his second assignment of error, appellant argues that the trial court erred by sentencing him to a prison term rather than community control.
 {¶ 11} R.C. 2929.13(B) governs the sentencing of an offender who, like appellant, commits a fourth or fifth-degree felony. Under R.C.2929.13(B), the trial court is first required to determine whether any of the factors enumerated in R.C. 2929.13(B)(1) are applicable. If the court finds that at least one of the factors is applicable, the court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. See R.C.2929.13(B)(2)(a). In doing so, the trial court is guided by the pertinent seriousness and recidivism factors enumerated in R.C. 2929.12. If the trial court finds after this review that the offender is not amenable to community control, and that a prison term is consistent with the R.C. 2929.11 purposes and principles of felony sentencing, "the court is required to impose a prison term." State v. Gulley, Clermont App. No. CA2005-07-066, 2006-Ohio-2023, ¶ 21 (emphasis sic); R.C.2929.13(B)(2)(a).
 {¶ 12} In the present case, the trial court found, on the record at the sentencing hearing and in its sentencing entry, that at least two of the R.C. 2929.13(B)(1) factors were applicable, namely, that appellant had previously served a prison sentence and committed the instant offenses while released on bond. The trial court found that a prison term was consistent with the purposes and principles of sentencing under R.C. 2929.11, as appellant posed the greatest likelihood of reoffending. And, the trial court found that appellant was not amenable to community control due to his extensive criminal record. Having so found, the trial court was required to impose a prison term on the fifth-degree felony counts rather than community control. Id. Appellant's second assignment of error is overruled.
 {¶ 13} Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.