[Cite as *State v. Whitaker*, 2013-Ohio-4434.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2012-10-013 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 10/7/2013 |
| - vs - | | |
| | : | |
| WILLIAM J. WHITAKER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 11CR010835

Martin P. Votel, Preble County Prosecuting Attorney, Kathryn M. West, 101 East Main Street, Courthouse, 1st Floor, Eaton, Ohio 45320, for plaintiff-appellee

James Vanzant, P.O. Box 161, Eaton, Ohio 45320, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, William Whitaker, appeals his conviction and sentence in the Preble County Court of Common Pleas for kidnapping, felonious assault, and a repeat violent offender specification.

{¶ 2} Appellant was indicted in January 2012 on two counts of kidnapping in violation of R.C. 2905.01(A)(2) and/or (A)(3) (first-degree felonies), two counts of felonious assault in violation of R.C. 2903.11(A)(1) and/or (A)(2) (second-degree felonies), and one count of

coercion in violation of R.C. 2905.12(A)(1) (a second-degree misdemeanor). The indictment also included a repeat violent offender (RVO) specification in violation of R.C. 2941.149.

{¶ 3} The state alleged that on November 28, 2011, and again on December 3, 2011, appellant kidnapped the victim and inflicted serious physical harm on her. The victim was able to escape during the November incident. She was not so fortunate with regard to the December incident. However, the police were able to track the whereabouts of appellant and the victim after appellant called his mother and the victim's mother during the incident (and told the latter she would not see her daughter again), and in turn, both women called the police multiple times. As a result of the December incident, the victim suffered multiple severe injuries, including several deep and significant lacerations, broken bones, and bruising and swelling.

{¶ 4} On July 20, 2012, appellant entered a guilty plea to both counts of kidnapping, both counts of felonious assault, and the coercion count, and entered a plea of admit to the RVO specification. The trial court accepted appellant's pleas and found him guilty as charged. The trial court subsequently sentenced appellant to 43 years in prison as follows: 8 years on each of the felonious assault charges, 11 years on each of the kidnapping charges, and 5 years on the RVO specification, all to be served consecutively, and 90 days on the coercion charge to be served concurrently.

{¶ 5} Appellant appeals, raising three assignments of error which will be addressed out of order.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT, IN ACCEPTING APPELLANT'S PLEA OF GUILTY (ADMIT) TO THE REPEAT VIOLENT OFFENDER SPECIFICATION (RVOS), ERRED TO THE PREJUDICE OF APPELLANT BECAUSE THE PLEA COLLOQUY WAS INSUFFICIENT TO ESTABLISH THAT APPELLANT MADE A KNOWING, VOLUNTARY

AND INTELLIGENT PLEA OF ADMIT TO SAID SPECIFICATION.

{¶ 8} Appellant argues his plea of admit to the RVO specification was not knowingly, intelligently, and voluntarily made because during the Crim.R. 11 colloquy, the trial court (1) failed to advise him of his constitutional rights when addressing his plea to the RVO specification, (2) failed to properly advise him as to the definition of a repeat violent offender and instead relied upon the state's reference to the statutory definition, and (3) never informed him that his sentence for the RVO specification was not only mandatory, but that it would also have to be served prior to and consecutively to the prison term imposed for the underlying offenses.

{¶ 9} When a defendant enters a guilty plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. *See State v. Engle*, 74 Ohio St.3d 525 (1996). Before a trial court can accept a guilty plea in a felony case, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2); *State v. Butcher*, 12th Dist. Butler No. CA2012-10-206, 2013-Ohio-3081, ¶ 8.

{¶ 10} The rights found in Crim.R. 11 are divided into nonconstitutional and constitutional rights. The latter include the right to a jury trial, the right to confront one's accusers, the right to compulsory process to obtain witnesses, the right to require the state to prove guilt beyond a reasonable doubt, and the privilege against compulsory self-incrimination. Crim.R. 11(C)(2)(c). With regard to constitutional rights, a trial court must strictly comply with Crim.R. 11 or the defendant's plea is invalid. *State v. Bullard*, 12th Dist. Clermont No. CA2012-09-064, 2013-Ohio-3313, ¶ 10.

{¶ 11} With regard to nonconstitutional rights, found in Crim.R. 11(C)(2)(a) and (b), a trial court's substantial compliance during the plea colloquy is sufficient for a valid plea. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 22; *Butcher* at ¶ 9. Substantial compliance

- 3 -

means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990); *Butcher* at *id.*

{¶ 12} Appellant first argues his plea of admit to the RVO specification was not knowingly, intelligently, and voluntarily made because the trial court failed to advise him of his constitutional rights when addressing his plea to the RVO specification.

{¶ 13} We find no merit to appellant's argument. Appellant entered guilty pleas to felonious assault, kidnapping, and coercion and subsequently a plea of admit to the RVO specification during the same plea hearing. The record shows that the trial court advised appellant of his constitutional rights, in strict compliance with Crim.R. 11(C), at the outset of the plea hearing. The trial court was not required to advise appellant again of his constitutional rights when addressing his plea to the RVO specification.

{¶ 14} Appellant next argues his plea of admit to the RVO specification was not knowingly, intelligently, and voluntarily made because the trial court failed to properly advise him as to the definition of a repeat violent offender and instead relied upon the state's reference to the statutory definition.

{¶ 15} We find no merit to appellant's argument. During the plea hearing, the state provided the trial court with the definition of a repeat violent offender as follows: "the definition of the RVO spec is that the Defendant is now being convicted of what's considered to be felonies offenses of violence, and has previously been convicted [ ] of two or more prior felony offenses of violence."[1] Satisfied with the state's definition, the trial court asked

---

1. **{a}** R.C. 2929.01(CC) defines a repeat violent offender as a person about whom both of the following apply:

> **{b}** (1) The person is being sentenced for committing or for complicity in committing any of the following:

> **{c}** (a) Aggravated murder, murder, any felony of the first or second degree that is

- 4 -

appellant if he understood the RVO specification as provided by the state. Appellant replied he did. Appellant does not claim that the state's definition was incorrect. We find that the definition of a repeat violent offender as provided to appellant during the plea hearing substantially complied with Crim.R. 11(C).

{¶ 16} Finally, appellant argues his plea of admit to the RVO specification was entered in violation of Crim.R. 11(C)(2)(a) because the trial court never informed him that the sentence for the RVO specification was mandatory and that it would have to be served prior to and consecutively to the prison term imposed for the underlying offenses.

{¶ 17} Pursuant to R.C. 2929.14(B)(2)(a), in addition to the longest prison term authorized or required for an offense, the trial court may impose an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years for the RVO specification if specific criteria are met (appellant does not claim the criteria were not met). R.C. 2929.14(B)(2)(d) provides that the offender "shall serve" the additional prison term imposed for the RVO specification "consecutively to and prior to the prison term imposed for the underlying offense."

{¶ 18} Before accepting appellant's plea of admit to the RVO specification, the trial court informed appellant that the sentence for the RVO specification would be "up to ten year mandatory sentence, and the Court, whatever the Court orders for that repeat violent offender spec will be mandatory." Thus, contrary to appellant's assertion, the trial court informed appellant that his sentence for the RVO specification was mandatory. However,

_____

an offense of violence, or an attempt to commit any of these offenses if the attempt is a felony of the first or second degree;

**{d}** (b) An offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to an offense described in division (CC)(1)(a) of this section.

**{e}** (2) The person previously was convicted of or pleaded guilty to an offense described in division (CC)(1)(a) or (b) of this section.

before accepting appellant's plea of admit, the trial court did not inform appellant that he would be required to serve such sentence prior to and consecutively to the prison terms for the underlying offenses of kidnapping and felonious assault.

{¶ 19} Crim.R. 11(C)(2)(a) provides that in felony cases, the trial court "shall not accept a plea of guilty * * * without first addressing the defendant personally and determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.]"  Crim.R. 11(C)(2)(a) thus requires a trial court to determine that a defendant understands the "maximum penalty involved" when he enters a guilty plea.  *See State v. Gibson*, 34 Ohio App.3d 146 (8th Dist.1986).  Notification of the maximum penalty is a nonconstitutional right.  *Butcher*, 2013-Ohio-3081 at ¶ 9.

{¶ 20} The Ohio Supreme Court has held that "failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary." *State v. Johnson*, 40 Ohio St.3d 130 (1988), syllabus.

{¶ 21} In reaching its holding, the supreme court noted that "the decision of whether the criminal defendant is to serve the sentences for all his crimes consecutively or concurrently is a matter of sentencing discretion, the exercise of which is committed to the trial court." *Id.* at 133-134.  In addition,

> Crim.R. 11 applies only to the entry and acceptance of the plea. It has no relevance to the exercise of the trial court's sentencing discretion at that stage other than directing the court to proceed with or impose sentencing.  Thus, it can hardly be said that the rule imposes upon a trial judge a duty to explain what particular matters he may, at a later date, determine are significant to the exercise of his discretion.

*Id.* at 134.  The supreme court "concluded that because whether to impose consecutive sentences was a matter within the trial court's discretion, it need not be addressed at a plea hearing." *State v. Bragwell*, 7th Dist. Mahoning No. 06-MA-140, 2008-Ohio-3406, ¶ 56.

**{¶ 22}** Following *Johnson*, several Ohio appellate courts held that: (1) the supreme court's holding did not apply when a consecutive sentence was statutorily required to be part of the maximum penalty a defendant faced; (2) thus, a trial court's failure to inform a pleading defendant that he faced statutorily required consecutive sentences did not substantially comply with Crim.R. 11(C)(2)(a); and (3) accordingly, the plea was invalid.

**{¶ 23}** Thus, in *State v. Norman*, 8th Dist. Cuyahoga No. 91302, 2009-Ohio-4044, the Eighth Appellate District held that the supreme court's decision in *Johnson*

> is not dispositive because its use of the word "may" shows that it concerns the discretionary imposition of consecutive sentences. When consecutive sentences are mandatory, the consecutive sentence directly affects the length of the sentence, thus becoming a crucial component of what constitutes the "maximum" sentence, and the failure to advise a defendant that a sentence must be served consecutively does not amount to substantial compliance with Crim.R. 11(C)(2).

*Id.* at ¶ 7. Accordingly, "compliance with the 'maximum' penalty provision of Crim.R. 11(C)(2) requires the court to inform the defendant, prior to taking a guilty plea, that a charge carries a mandatory consecutive sentence." *Id.* at ¶ 12. The appellate court found that the trial court's failure to inform Norman that any sentence for failure to comply would have to be served consecutively to sentences imposed on other counts to which Norman pled guilty "constituted a lack of substantial compliance with Crim.R. 11(C)(2)(a) and requires a reversal of Norman's guilty plea." *Id.* at ¶ 13.

**{¶ 24}** Likewise, the Seventh Appellate District noted in *Bragwell* that the consecutive sentences ordered in *Johnson* were discretionary, not mandatory:

> Here the trial court did not simply fail to inform [Bragwell] that it might order him to serve his sentences consecutively. Instead it completely neglected to inform him that he was required to serve his sentences consecutively. Whether [Bragwell] was to serve his sentences consecutively or concurrently was not up to the trial court's discretion as was the case in *Johnson*, supra. R.C. 2929.13(G)(2) directs that the court impose a mandatory prison term for the repeat offender specification prior to and

> consecutive to the sentence on the underlying DUI. Unlike *Johnson*, in this case a mandatory, consecutive prison term was a guaranteed consequence of [Bragwell's] guilty plea.

*Bragwell*, 2008-Ohio-3406 at ¶ 57. The appellate court vacated Bragwell's plea on the ground the trial court did not substantially comply with Crim.R. 11(C)(2)(a), thus, Bragwell's plea was not knowingly and intelligently made. *Id.* at ¶ 58.

{¶ 25} Other appellate courts have likewise held that when sentences are mandated to be served consecutively, a trial court's failure to so inform a pleading defendant does not constitute substantial compliance with Crim.R. 11(C)(2). *See State v. Millhoan*, 6th Dist. Lucas Nos. L-10-1328 and L-10-1329, 2011-Ohio-4741 (noting that holdings in *Norman* and *Bragwell* apply when the imposition of consecutive sentences is a foregone conclusion at the time the plea is entered and accepted, that is, where a mandatory consecutive prison term is a guaranteed consequence of the defendant's plea); *State v. Pitts*, 159 Ohio App.3d 852, 2005-Ohio-1389 (6th Dist.) (finding that because a consecutive sentence was part of the maximum penalty Pitts faced, the trial court erred by failing to so inform him at the plea hearing). S*ee also State v. Hankison*, 4th Dist. Scioto No. 01CA2792, 2002-Ohio-6161 (finding that Hankison's guilty plea to failure to comply was not knowingly and intelligently made where the trial court did not advise him that by pleading guilty, it was mandatory that his sentence be served consecutively to any other sentence).

{¶ 26} This court has "tap danced" around the issue in *State v. Hogg*, 12th Dist. Warren No. CA87-02-018, 1987 WL 12763 (July 20, 1987), a pre-*Johnson* decision. In *Hogg*, the defendant argued his guilty plea to two counts was not knowingly made because the trial court did not inform him the sentences he might receive could run consecutively or concurrently, and cited *State v. Ricks*, 53 Ohio App.2d 244 (9th Dist.1977), in support of his argument. This court found that Hogg's guilty plea did not violate Crim.R. 11(C)(2)(a) because:

- 8 -

As we read *Ricks*, it stands for the proposition that where, according to R.C. 2929.41(B)(3), a new sentence must be served consecutively to some other sentence, the pleading defendant must be informed of the statutory requirement that this new sentence must be served consecutively to his other sentence. Otherwise, the defendant has not been properly informed of the maximum sentence involved as required by Crim. R. 11(C)(2)(a). A close reading of *Ricks*, supra, shows that the appellate court placed heavy emphasis on the fact that Ricks faced statutorily required consecutive sentences. It was these statutorily required consecutive sentences which caused the court to conclude Ricks had not been informed of the maximum penalty involved.

Here, on the other hand, appellant's consecutive sentences were not mandatory. Instead, appellant received consecutive terms when the trial court exercised its sentencing discretion under R.C. 2929.41(B)(1). On the basis of this statutory distinction, the cases cited by appellant are distinguishable and are inapplicable to the case at bar.

*Id.* at *3.

{¶ 27} Upon reviewing the supreme court's decision in *Johnson* as well as the foregoing appellate decisions, we find the reasoning in *Norman* and *Bragwell* persuasive and therefore adopt their reasoning. In the case at bar, the trial court failed to inform appellant he would be required to serve his sentence for the RVO specification prior to and consecutively to the sentences for the underlying offenses. Whether appellant was to serve his sentence for the RVO specification consecutively or concurrently was not up to the trial court's discretion as was the case in *Johnson*. Rather, R.C. 2929.14(B)(2)(d) requires that a sentence for an RVO specification be served prior to and consecutively to the sentence for the underlying offense. Thus, a consecutive prison term was a guaranteed consequence of appellant's plea of admit to the RVO specification.

{¶ 28} We accordingly find that because the trial court never informed appellant that any prison sentence imposed for the RVO specification would have to be served prior to and consecutively to the sentences imposed for the kidnapping and felonious assault, the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) and appellant did not enter a

knowing and intelligent plea of admit to the RVO specification.[2]

{¶ 29} Appellant's plea of admit to the RVO specification is therefore vacated and the cause is remanded to the trial court for appellant to plead anew with regard to the RVO specification. Were appellant to deny the specification on remand, the trial court shall conduct further proceedings as are necessary.

{¶ 30} Appellant's first assignment of error is sustained in part and overruled in part.

{¶ 31} Assignment of Error No. 3:

{¶ 32} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY CONVICTING AND SENTENCING HIM OF BOTH KIDNAPPING AND FELONIOUS ASSAULT WHEN, ON THE FACTS OF THIS CASE, KIDNAPPING AND FELONIOUS ASSAULT AS CHARGED ARE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 33} Appellant argues the trial court erred in sentencing him on both kidnapping and felonious assault with regard to the November 28, 2011 incident because the offenses are allied offenses of similar import under R.C. 2941.25 and *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. Likewise, appellant argues the trial court erred in sentencing him on both kidnapping and felonious assault with regard to the December 3, 2011 incident because the offenses are allied offenses of similar import. Specifically, appellant argues that as written, the indictment and the bill of particulars create an overlap of the elements of the offenses, and thus the offenses for either incident should merge, because when appellant committed the offense of felonious assault by the actual infliction of serious physical harm on

---

2. We are mindful of this court's decision in *State v. Gatewood*, 12th Dist. Fayette No. CA95-04-011, 1995 WL 764058 (Dec. 29, 1995), a post-*Johnson* decision. In *Gatewood*, we held that in light of the supreme court's decision in *Johnson*, the trial court's failure to advise the defendant that a sentence for escape was required to be served consecutively to any other sentence of confinement substantially complied with Crim.R. 11(C) and did not render the defendant's guilty plea to escape involuntary. Given the reasoning in *Norman* and *Bragwell*, we believe this court improperly relied on *Johnson* in reaching its decision in *Gatewood*. We also note that *State v. Jasper*, 12th Dist. Butler Nos. CA2005-02-060 and CA2005-03-061, 2006-Ohio-7025, a decision from this court cited by the state in its brief, is not applicable because unlike in the case at bar, the trial court in *Jasper* had the discretion to impose consecutive or concurrent sentences.

the victim, he also committed the offense of kidnapping with the intent to inflict serious physical harm.

{¶ 34} At the close of the sentencing hearing, defense counsel briefly argued that the kidnapping and felonious assault offenses should merge for purposes of sentencing because "you cannot commit felonious assault without the kidnapping," and asked the trial court if it would entertain a brief or motion on the issue. The trial court asked defense counsel whether he had a case in support of his claim. Defense counsel acknowledged he did not but asked the court to accept a brief on the issue. A tangential discussion ensued between defense counsel and the trial court as to the timing of a previous sentencing memorandum submitted by defense counsel and his access or lack thereof to a sentencing memorandum submitted by the state.[3]

{¶ 35} The trial court then advised defense counsel: "You can file your brief to argue with the Court that these are allied offenses of similar import or otherwise the Court is required to merge. Off the top of my head, I don't believe that's the case. But I could be wrong." The sentencing hearing then concluded, and a sentencing entry was filed the same day. The felonious assault and kidnapping offenses were not merged for either incident and the sentences for the offenses were ordered to be served consecutively. It does not appear defense counsel filed a memorandum on the allied offenses issue after the sentencing hearing.

{¶ 36} Notwithstanding the state's argument to the contrary, we find that defense counsel raised the issue of allied offenses in the trial court. An appellate court applies a de novo standard of review in reviewing a trial court's R.C. 2941.25 merger determination. *State*

---

3. In its brief, the state acknowledged that on the date of sentencing, defense counsel "provide[d] it with a sentencing memo in which allied offenses were discussed in a general matter * * *, however, this document was not filed with the clerk of court and so is not part of the record[.]"

*v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28. As appellant argued below that the offenses of kidnapping and felonious assault for either incident should merge, we review the trial court's merger determination de novo. *Id.*; *see also State v. Davis*, 12th Dist. Butler No. CA2012-09-194, 2013-Ohio-2637, ¶ 7.

{¶ 37} R.C. 2941.25 prohibits the imposition of multiple punishments for the same criminal conduct and provides that:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 38} In *Johnson*, the Ohio Supreme Court clarified the test used to determine whether offenses are allied offenses of similar import under R.C. 2941.25. *Davis*, 2013-Ohio-2637 at ¶ 9. Under this test, courts must first determine "whether it is possible to commit one offense *and* commit the other with the same conduct." (Emphasis sic.) *Johnson*, 2010-Ohio-6314 at ¶ 48. It is not necessary that the commission of one offense will always result in the commission of the other. *Id.* Rather, the question is simply whether it is possible for both offenses to be committed by the same conduct. *Id.*

{¶ 39} If it is possible to commit both offenses with the same conduct, courts must next determine whether the offenses were in fact committed by the same conduct, that is, by a single act, performed with a single state of mind. *Id.* at ¶ 49. If so, the offenses are allied offenses of similar import and must be merged. *Id.* at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. *Id.* at ¶ 51.

{¶ 40} Appellant was charged with kidnapping in violation of R.C. 2905.01(A)(2) and/or (A)(3). The statute prohibits a person from removing another person from the place where the other person is found or from restraining the liberty of the other person by force, threat, or deception, with the purpose to facilitate the commission of any felony or flight thereafter, or to terrorize or inflict serious physical harm on the victim or another.

{¶ 41} Appellant was also charged with felonious assault in violation of R.C. 2903.11(A)(1) and/or (A)(2). The statute prohibits a person from knowingly causing serious physical harm to another, or causing or attempting to cause physical harm to another by means of a deadly weapon or dangerous ordnance. The state concedes, and we agree, that it is possible to commit both offenses with the same conduct.

{¶ 42} We next determine whether the offenses of kidnapping and felonious assault were in fact committed by way of a single act with a single state of mind on either November 28, 2011, or December 3, 2011. We first address the November 2011 incident.

{¶ 43} We find we are unable, under the second prong of the *Johnson* test, to determine from the record before us whether appellant committed the kidnapping and felonious assault separately or with a separate animus on November 28, 2011. As appellant pled guilty to the offenses, there was no witness testimony at the plea hearing. The state did not otherwise offer any facts establishing appellant's conduct on November 28, 2011. The indictment simply recites the statutory elements of both offenses and does not identify the facts supporting each offense. The bill of particulars is nothing more than a recitation of the indictment and offers no separate basis to determine the allied offenses issue.

{¶ 44} In sentencing appellant for the November 28, 2011 offenses, the trial court noted that the victim was held, cut, and hit on that day, and that she was able to escape. Thereafter, without holding a hearing on the issue, without engaging in any analysis, without considering any evidence, and without invoking the *Johnson* test, the trial court cursorily

- 13 -

determined that the November 28, 2011 kidnapping and felonious assault offenses were not allied offenses of similar import.

{¶ 45} The *Johnson* decision clearly states that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson*, 2010-Ohio-6414 at syllabus. Thus, under *Johnson* and R.C. 2941.25, the allied offenses analysis must center upon the offender's conduct and a court is required to consider the specific details of the conduct which precipitated the charges. *State v. Miller*, 11th Dist. Portage No. 2009-P-0090, 2011-Ohio-1161, ¶ 47, 56; *Williams*, 2012-Ohio-5699 at ¶ 25 (appellate courts apply the law to the facts of individual cases to make a legal determination as to whether R.C. 2941.25 allows multiple convictions).

{¶ 46} The Ohio Supreme Court has further held that "allied offenses of similar import are to be merged at sentencing. Thus, a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import." (Internal citations omitted.) *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 26. "Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct." *Johnson*, 2010-Ohio-6314 at ¶ 47. "A defendant's plea to multiple counts does not affect the court's duty to merge those allied counts at sentencing. This duty is mandatory, not discretionary." *Underwood* at ¶ 26.

{¶ 47} The Eighth Appellate District recently addressed a similar situation to the case at bar. *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292 and 98584 through 98590, 2013-Ohio-3235. In that case, Rogers pled guilty to several charges and was sentenced on all of the offenses. The sentences were not merged; no discussion took place in the trial court about merger. Finding itself in conflict between the original panel's decision in the case and previous decisions by the appellate court, the Eighth Appellate District considered the issue

en banc.

**{¶ 48}** The appellate court first addressed Rogers' sentences for receiving stolen property. Despite the lack of facts to analyze Rogers' conduct, the appellate court found it could determine "from the face of these convictions" that the offenses were not subject to merger because they involved separate victims, and thus separate animus. *Id.* at ¶ 21-22. Accordingly, the appellate court upheld the trial court's imposition of separate sentences.

**{¶ 49}** The appellate court then addressed Rogers' sentences for receiving stolen property and possession of criminal tools. The court noted its inability to determine whether the offenses were allied offenses of similar import as there were "simply no facts in the record" to help the court in its review of the issue. After reviewing the role of the trial judge, the Eighth Appellate District held that when multiple charges facially present a question of merger under R.C. 2941.25 (that is, when a facial review of the charges and the elements of the crimes present a viable question of merger), a trial judge has a duty to inquire and determine under R.C. 2941.25 whether the offenses merge, and the trial court errs in failing to conduct an allied offenses analysis. *Rogers*, 2013-Ohio-3235 at ¶ 28, 33, and 63.[4]

**{¶ 50}** In so holding, the court found that (1) R.C. 2941.25 and the supreme court's decision in *Underwood* both squarely place the duty on the trial court to address the merger issue, regardless of how a defendant's conviction on multiple counts is achieved; (2) while the trial court cannot be an advocate for either position, the court must address an allied offenses issue when the charges facially present a question of merger; and (3) the merger issue must be addressed and resolved, or it remains outstanding. *Id.* at ¶ 27, 32.[5]

---

4. The Eighth Appellate District further held that where a facial question of allied offenses of similar import presents itself, a "trial court commits plain error in failing to inquire and determine whether such offenses are allied offenses of similar import". *Rogers*, 2013-Ohio-3235 at ¶ 63.

5. The Eighth Appellate District also noted that although prosecutors do not have to prove that offenses are not allied offenses of similar import, they would be well advised to address the issue during the many opportunities available along the path of case resolution to put facts on the record that would support a determination that

**{¶ 51}** The Eighth Appellate District also held that in the absence of a stipulation or an agreement on the allied offenses issue, "a guilty plea does not negate the court's mandatory duty to merge allied offenses of similar import at sentencing." *Id.* at ¶ 40, citing *Underwood*, 2010-Ohio-1. Further, while facts establishing the conduct of the offender offered at the time of the plea may be used to determine that offenses are not allied, "a guilty plea alone that does not include a stipulation or finding that offenses are not allied offenses of similar import does not conclusively resolve the merger question." *Id.* at ¶ 41.

**{¶ 52}** In light of the foregoing, the appellate court reversed the trial court's judgment in part and remanded the case to the trial court "to establish the underlying facts of Rogers' conduct [regarding his receiving stolen property and possession of criminal tools offenses] and for the trial court to determine whether the subject crimes should merge for sentencing purposes." *Id.* at ¶ 64.

**{¶ 53}** In 1993, this court addressed a similar situation to the case at bar. *State v. Mangrum*, 86 Ohio App.3d 156 (12th Dist.1993). In that case, Mangrum pled guilty to two counts of sexual battery, one count of gross sexual imposition, and one count of disseminating matter harmful to juveniles. Before sentencing Mangrum separately on all counts, the trial court did not make a finding as to whether any of the offenses were allied offenses. The decision does not indicate whether the allied offenses issue was raised below. This court generally held that "[w]hen a defendant pleads guilty to multiple offenses of similar import and the trial court accepts the pleas, the court has a duty to conduct a hearing and to

---

certain offenses are not allied. *Id.* at ¶ 43, 44. Such opportunities include putting facts into the individual indictment counts distinguishing conduct; indicating in a bill of particulars which offenses are not allied and why; at the time of a plea, indicating which offenses are not allied and why, by stating a factual basis for the plea even if one is not required under Crim.R. 11; and entering into a stipulation regarding what offenses are committed with separate conduct or separate animus. *Id.* at ¶ 44. The appellate court further noted that for prosecutors to put facts on the record at any point in the process to support a determination that certain offenses are not allied offenses does not have to involve long or complicated hearings or witnesses. *Id.* at ¶ 45. Rather, the process could be easily satisfied by a brief recitation of facts or circumstances by the prosecutor. *Id.*

make a determination as to whether the crimes were committed separately or with a separate animus for each offense prior to entering a judgment sentencing the defendant." *Id.* at 158.

{¶ 54} Then, turning to the particular offenses at issue, this court found that the offenses of sexual battery and gross sexual imposition were not allied offenses because they did not meet the first prong of the applicable allied offenses test. Hence, "there was no need for the court to conduct a hearing to determine whether [Mangrum's] actions resulting in [these convictions] were committed separately or whether there was a separate animus for each crime." *Id.* at 160. Likewise, this court found that disseminating matter harmful to juveniles was not an allied offense to either sexual battery or gross sexual imposition. Hence, no hearing was necessary. *Id.*

{¶ 55} By contrast, this court found that Mangrum's convictions for each count of sexual battery met the first prong of the test. Consequently,

> the trial court had a duty to hold a hearing to determine whether each count of sexual battery was committed separately or with a separate animus prior to sentencing [Mangrum]. Because we are unable to make such a determination from the record before us, we must remand this case to the trial court to hear evidence on this question in order to determine whether [Mangrum] can be sentenced for both counts of sexual battery pursuant to R.C. 2941.25.

*Id.* This court subsequently remanded the case for the trial court "to determine whether [Mangrum's] actions resulting in the sexual battery convictions occurred separately or with a separate animus for each crime and thereafter to resentence [him] in accordance with R.C. 2941.25." *Id.*

{¶ 56} In *State v. Philpot*, 145 Ohio App.3d 231 (12th Dist.2001), Philpot was convicted by a jury of one count each of aggravated robbery, theft, and theft of drugs. During the sentencing hearing, Philpot moved the trial court to merge the theft counts with the aggravated robbery count. The trial court implicitly overruled Philpot's motion by sentencing

him on all three counts.  On appeal, this court found that the offenses met the first prong of the applicable allied offenses test.  It then reversed Philpot's sentences on the following ground:

> Although the trial court sentenced [Philpot] on all three counts, thereby implicitly overruling [his] motion to merge * * * , it made no finding as to whether [Philpot] committed the [offenses] separately or with a separate animus.  Absent such finding, we find that the trial court erred by separately sentencing [Philpot] for the three offenses.

*Id.* at 240.  This court subsequently remanded the matter to the trial court "for a resentencing hearing solely for the purpose of determining whether [Philpot] committed the [three offenses] separately or with a separate animus."  *Id.*

{¶ 57}  This court also recently decided *State v. Davis*, 12th Dist. Butler No. CA2012-09-194, 2013-Ohio-2637.  In that case, Davis pled guilty to drug trafficking and importuning.  Prior to imposing sentence, the trial court considered whether the offenses merged.  Davis asserted his position that "the offenses are allied offenses" but ultimately "defer[red] to the Court's knowledge and understanding and interpretation of the law."  *Id.* at ¶ 3.  The state similarly deferred to the court as to allied offenses.  In an analysis spanning several paragraphs and supported by references to the record, the trial court determined that the drug trafficking and importuning offenses did not merge.

{¶ 58}  On appeal, this court noted that a "defendant bears the burden of establishing his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act."  *Id.* at ¶ 8.  Then, based upon the statement of facts read into the record at the plea hearing and the language of the indictment and the bill of particulars, this court found that the offenses were not allied offenses as there was "nothing to suggest that th[e] two offenses occurred by way of a single act by Davis, with a single state of mind," that is, there was nothing to connect the two offenses.  *Id.* at ¶ 13-14.  In reaching its determination,

this court noted that "Davis did only what was minimally necessary to raise this issue below. Davis merely asserted his 'position' that the offenses were allied offenses of similar import but did not make any arguments as to why the offenses were allied and ultimately deferred to the trial court." *Id.* at ¶ 14.

{¶ 59} In the case at bar, because the first prong of the allied offenses test is met, and because both the offenses of kidnapping and felonious assault were committed on November 28, 2011, against the same victim, the charges facially present a question of merger. However, as explained earlier, the record before us is insufficient to determine whether the offenses were committed separately or with a separate animus, and thus whether the offenses are allied offenses of similar import.

{¶ 60} As in *Mangrum* and *Philpot*, and unlike in *Davis*, the trial court made *no* finding as to whether the two offenses were committed separately or with a separate animus, and in fact, did not engage in an allied offenses analysis at all. Rather, the trial court essentially overruled appellant's request to merge the two counts by sentencing him on both counts. Unlike in *Davis*, appellant did not simply assert his position at the sentencing hearing or subsequently defer to the trial court. Rather, appellant tried to argue at the hearing why the offenses were allied offenses, however his attempt was cut off when the trial court asked if he had a case to support his argument. Following a tangential discussion between appellant and the trial court, the latter allowed appellant to file a brief on the issue. As stated earlier, it is not clear whether appellant did so. Nevertheless, the record shows that the trial court's sentencing entry was issued on the same day as the sentencing hearing.

{¶ 61} Accordingly, in light of the foregoing, we find that the trial court erred in sentencing appellant separately for the November 28, 2011 offenses of kidnapping and felonious assault without first sufficiently addressing the basis for refusing to merge these offenses. We reverse the sentences imposed for those offenses and remand the matter to

the trial court to conduct such proceedings as it may determine are necessary to decide whether the November 28, 2011 offenses of kidnapping and felonious assault were committed separately or with a separate animus, and thus whether the offenses should merge for sentencing purposes. *Mangrum*, 86 Ohio App.3d at 160; *Philpot*, 145 Ohio App.3d at 240; *State v. Collins*, 8th Dist. Cuyahoga No. 99111, 2013-Ohio-3726, ¶ 13 (reversing the imposition of separate sentences where the record lacked sufficient factual detail to determine whether the offenses were allied offenses, and remanding the matter to the trial court to establish the underlying facts of the defendant's conduct so that the trial court is able to properly determine whether the offenses should merge for sentencing purposes); *State v. Biondo*, 11th Dist. Portage No. 2012-P-0043, 2013-Ohio-876, ¶ 12 (reversing and remanding the matter to the trial court for the limited purpose of establishing the facts underlying the charges, and once the facts are established, instructing the trial court to analyze the defendant's conduct under *Johnson* and rule whether the offenses at issue should be merged for sentencing).

**{¶ 62}** We note that any allied offenses proceedings conducted by a trial court, whether in general or on remand in the case at bar, do not have to involve long or complicated hearings or witnesses. *Rogers*, 2013-Ohio-3235 at ¶ 45. As the Eighth Appellate District stated, because merger of offenses is part of the sentencing process, which itself is less exacting than the process of establishing guilt, "this process can easily be satisfied by a brief recitation of facts or circumstances by the prosecutor to aid the trial court in its determination. Nothing more should be required." *Id.* Furthermore, a trial court may require the parties to submit sentencing memoranda if the parties otherwise fail to adequately address the issue. Finally, an evidentiary hearing, while permissible in a trial court's discretion, is not required since merger of offenses is part of the sentencing process and is therefore not subject to the rules of evidence. Evid.R. 103(C)(3).

**{¶ 63}** We emphasize that "[b]ecause R.C. 2941.25(A) protects a defendant only from being punished for allied offenses, the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 27. Thus, our remand affects only the sentences, not the trial court's determination of appellant's guilt for the November 28, 2011 kidnapping and felonious assault offenses. "Those remain intact and are not subject to review." *State v. Swiergosz*, 197 Ohio App.3d 40, 2012-Ohio-830, ¶ 43 (6th Dist.).

**{¶ 64}** Further, because a defendant "bears the burden of establishing his entitlement" to the merger of offenses under R.C. 2941.25, *Davis*, 2013-Ohio-2637 at ¶ 8, appellant will have to show on remand that the November 28, 2011 offenses of kidnapping and felonious assault were committed with the same animus, and were therefore allied offenses of similar import. That is, appellant will have to come forward with evidence to support his argument. Nonetheless, any failure of appellant to present any evidence will not relieve the trial court of its duty to conduct an analysis that is reflected in the record based upon such information as may be available to the trial court on the issue.

**{¶ 65}** We next address the December 3, 2011 incident and determine whether the offenses of kidnapping and felonious assault were committed by way of a single act with a single state of mind during that incident.

**{¶ 66}** As it did with the offenses committed on November 28, 2011, the trial court, without analysis, a hearing on the issue, or consideration of any evidence, and without invoking the *Johnson* test, cursorily determined that the offenses committed on December 3, 2011, were not allied offenses of similar import. However, unlike the November 2011 offenses, we find there is enough factual evidence in the record to determine that the December 2011 offenses were not allied offenses of similar import. *See Rogers*, 2013-Ohio-

3235 at ¶ 19. Hence, we need not reverse the imposition of separate sentences for the December 2011 offenses or remand the matter to the trial court to conduct an allied offenses hearing as to those offenses.

{¶ 67} In establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus, the Ohio Supreme Court adopted the following guidelines:

> Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
>
> Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

*State v. Logan*, 60 Ohio St.2d 126 (1979), syllabus. These guidelines appear to remain valid in the wake of *Johnson. State v. Ozevin*, 12th Dist. Clermont No. CA2012-06-044, 2013-Ohio-1386, ¶ 13.

{¶ 68} Although the bill of particulars recited the indictment with regard to the elements of the December 3, 2011 offenses of kidnapping and felonious assault, it also specified that:

> upon arriving at the scene, * * * inside the bedroom of the trailer was [the victim]; [the victim] had multiple and severe injuries including * * * multiple deep and significant lacerations, broken bones, and miscellaneous bruising and swelling; [the victim] reported that she had been restrained in the bedroom of the trailer for a considerable period of time by William Whitaker and that Whitaker inflicted the injuries in question; [and] a pair of handcuffs used in the crime was found in the bedroom and that multiple knives were found on the person of Mr. Whitaker upon his arrest.

{¶ 69} Additionally at sentencing, the prosecutor noted that the victim "survive[d] hours

of torture, being stabbed, sliced, broken bones[.]" In turn, the trial court invoked "the incredible violence" the victim suffered that day and stated appellant beat, tortured, and cut the victim for several hours and came close to killing her. Arguably, the confinement of the victim was secretive as her whereabouts were not discovered until after appellant took time out from torturing the victim and called his mother and the victim's mother. Both women made several phone calls to the police, and over a period of time, the police were able to locate the whereabouts of appellant and the victim. The restraint was prolonged and substantially increased the risk of harm to the victim. Based upon the foregoing evidence, we find that appellant committed the kidnapping and felonious assault on December 3, 2011, with a separate animus as to each offense.

{¶ 70} We therefore find that the December 3, 2011 kidnapping and felonious assault are not allied offenses of similar import. *See State v. Harmon*, 9th Dist. Summit No. 26502, 2013-Ohio-1769 (holding that the trial court did not err by declining to merge kidnapping and felonious assault offenses where the kidnapping occurred over an extended period of time and was, thus, not merely incidental to the felonious assault). The trial court, therefore, properly sentenced appellant for both kidnapping and felonious assault under *Johnson*, 2010-Ohio-6314, and R.C. 2941.25.

{¶ 71} Appellant's third assignment of error is sustained in part and overruled in part.

{¶ 72} Assignment of Error No. 2:

{¶ 73} THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES ON TWO COUNTS EACH OF KIDNAPPING AND FELONIOUS ASSAULT.

{¶ 74} Appellant argues the trial court erred in imposing consecutive sentences for the felony offenses of kidnapping and felonious assault because the trial court failed to make the required statutory findings under R.C. 2929.14(C). We note that because we are reversing

and remanding appellant's sentences for the November 28, 2011 offenses of kidnapping and felonious assault under the third assignment of error, our analysis under the second assignment of error will not include the trial court's imposition of consecutive sentences for these offenses.

{¶ 75} As we recently noted in *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, "'the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences.'" *Id.* at ¶ 6, quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7. Accordingly, we review appellant's consecutive sentences to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *Crawford* at ¶ 6-7; *State v. Williams*, 12th Dist. Warren No. CA2012-08-080, 2013-Ohio-3410, ¶ 43; R.C. 2953.08(G)(2).

{¶ 76} In 2011 Am.Sub.H.B. No. 86 ("H.B.86"), the General Assembly revived the requirement that a trial court make certain factual findings before imposing consecutive sentences. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 8. A trial court must now engage in a three-step analysis and make certain findings before imposing consecutive sentences pursuant to R .C. 2929.14(C)(4). *Id.* at ¶ 9. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part

of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 77} "A trial court satisfies the statutory requirement of making the required findings when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria." *State v. Smith*, 12th Dist. Clermont No. CA2012-01-004, 2012-Ohio-4523, ¶ 26. In imposing consecutive sentences, "the trial court is not required to state any talismanic language" or otherwise give reasons explaining its findings. *State v. Oren*, 12th Dist. Madison No. CA2012-05-010, 2013-Ohio-531, ¶ 25; *Williams*, 2013-Ohio-3410 at ¶ 45. Nevertheless, the record must reflect that the court made the requisite findings. *Williams* at *id.*

{¶ 78} The record indicates that the trial court engaged in the required analysis before imposing consecutive sentences and that its findings comport with the statutory requirements. During the sentencing hearing, the trial court stated it was imposing consecutive sentences "because of the seriousness of the offense. Concurrent sentences simply would demean the seriousness of the offense and would not amply protect the public from future crime by the Defendant."

{¶ 79} The trial court also stated during the sentencing hearing that the offenses consisted of two separate incidents of kidnapping and assaulting the same victim, the two incidents were approximately a week apart and thus did not "just happe[n] at the spur of the moment," the offenses were not isolated offenses but rather were "one of many offenses, at least four in the last twenty years," and in fact, appellant had "spent quite a bit of time in

prison" for a previous offense involving another female victim.

{¶ 80} The trial court also stated this was "the worst" case it had ever seen in 30 years of being on the bench, appellant came close to killing the victim during the December 3, 2011 incident, and based on the two 2011 incidents and appellant's criminal history, appellant was a "very dangerous person." The trial court noted that when appellant was released in 2006 or 2007 after serving prison time for a previous offense, he was released against the will of the prosecutors that had handled the case, and "it wasn't that long after his release that these offenses were committed."

{¶ 81} After reviewing the record, we find that the trial court made the essential statutory findings under R.C. 2929.14(C)(4). Although the trial court may not have used the statutory language, we find that the language employed by the trial court complies with the statutory requisites. *State v. Dehner*, 12th Dist. Clermont No. CA2012-12-090, 2013-Ohio-3576, ¶ 39 (finding that a trial court need not use the exact statutory language when making its findings under R.C. 2929.14[C][4]); *Smith*, 2012-Ohio-4523 at ¶ 34 (even though the trial court did not incorporate its findings in its sentencing entry, following H.B. 86, a trial court is not required to set forth its findings under R.C. 2929.14(C)(4) in its sentencing entry).

{¶ 82} We therefore find that the trial court properly sentenced appellant to consecutive sentences for the December 3, 2011 offenses of kidnapping and felonious assault. Appellant's second assignment of error is overruled.

{¶ 83} The judgment of the trial court is affirmed in part and reversed in part. We vacate appellant's plea of admit to the RVO specification and remand the matter to the trial court for appellant to plead anew regarding the specification. We also reverse appellant's sentences for the November 28, 2011 offenses of kidnapping and felonious assault and remand the matter for the trial court to conduct a hearing as to those offenses and determine whether those offenses were committed separately or with a separate animus, and thus

whether those offenses should merge for sentencing purposes. In all other respects, appellant's sentence and conviction are affirmed.

{¶ 84} Judgment affirmed in part, reversed in part, and cause remanded to the trial court for further proceedings consistent with this opinion.

S. POWELL, P.J., and PIPER, J., concur.