OPINION
{¶ 1} Defendant-appellant Leslie Webb ("Webb") brings this appeal from the judgment of the Court of Common Pleas of Marion County ordering him to serve two six-month prison terms consecutively.
 {¶ 2} On April 24, 2003, Webb was indicted on two counts of domestic violence, felonies of the fifth degree. Webb entered a guilty plea on June 2, 2003. A sentencing hearing was held on July 29, 2003, at which Webb was represented by an attorney other than his appointed counsel. Webb informed the court that he wished to proceed rather than postponing the hearing until his appointed counsel would be available. On August 5, 2003, a judgment entry was filed finding Webb guilty of one count of domestic violence and placing Webb on community control sanctions. The trial court filed a nunc pro tunc entry on August 6, 2003, finding Webb guilty of the second count as well and placing Webb on community control sanctions.
 {¶ 3} On November 10, 2003, a complaint was filed alleging that Webb had violated the terms of his community control sanctions by failing to complete the program at the W.O.R.T.H. center. A hearing was held on the matter on November 13, 2003, and Webb stipulated to the violation. The trial court then sentenced Webb to six months in prison on each count and ordered the sentences to be served consecutively. No reasons were placed on the record for the consecutive sentences. Webb appeals from this judgment and raises the following assignment of error.
Since the trial court did not state its reasons on the record forimposing consecutive sentences, the trial court's sentencing of [Webb] toconsecutive sentences was contrary to law.
 {¶ 4} Webb's sole assignment of error is that the trial court failed to state its reasons for the consecutive sentences on the record. In order to impose consecutive sentences, the trial court must make certain findings.
If multiple prison terms are imposed on an offender for convictions ofmultiple offenses, the court may require the offender to serve the prisonterms consecutively if the court finds that the consecutive service isnecessary to protect the public from future crime or to punish theoffender and that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public, and if the court also finds any of the following:
 (a) The offender committed one or more the multiple offenses while theoffender was awaiting trial or sentencing, * * * or was underpost-release control for a prior offense.
 (b) At least two of the multiple offenses were committed as part of oneor more courses of conduct and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed as part of any of thecourses of conduct adequately reflects the seriousness of the offender'sconduct.
 (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
R.C. 2929.14(E)(4). Once the trial court has made the required findings, the trial court must then state its reasons for imposing consecutive sentences on the record.
The court shall impose a sentence and shall make a finding that givesits reasons for selecting the sentence imposed in any of the followingcircumstances.
* * *
(c) If it imposes consecutive sentences under [R.C. 2929.14], itsreasons for imposing the consecutive sentences.
R.C. 2929.19(B)(2).
 {¶ 5} At the hearing, the State basically read the statute into the record which states the required findings that the trial court must make in order to impose consecutive sentences. The trial court then stated at the end of the hearing that it would "make the findings that the Prosecutor requested with regards to consecutive service." Tr. 10. The trial court did not give any reasons for imposing the consecutive sentences.[1] The required findings and reasons must be stated at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, at ¶ 21-22. The failure to make the required findings and to set forth the statutorily required reasons leaves the proceedings incomplete and the sentence contrary to law. Id. Thus, the trial court's sentence before us is contrary to law. The assignment of error is sustained.
 {¶ 6} The judgment of the Court of Common Pleas of Marion County is reversed and remanded for resentencing.
Judgment reversed and cause remanded.
Shaw, P.J., and Cupp, J., concur.
[1] The journal entry, while making the findings required by R.C. 2929.14
for imposing consecutive sentences, lacks any findings that set forth the reasons for imposing consecutive sentences as required by R.C. 2929.19.