[Cite as *State v. Farnsworth*, 2013-Ohio-1275.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 CO 10 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| GEORGE W. FARNSWORTH, JR. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from the Court of
                                 Common Pleas of Columbiana County,
                                 Ohio
                                 Case No. 11 CR 25

JUDGMENT:                        Sentence Vacated.
                                 Reversed and Remanded.

APPEARANCES:

For Plaintiff-Appellee:          Atty. Robert Herron
                                 Columbiana County Prosecutor
                                 Atty. Timothy J. McNicol
                                 Assistant Prosecuting Attorney
                                 105 South Market Street
                                 Lisbon, Ohio  44432

For Defendant-Appellant:         Atty. Bryan H. Felmet
                                 1100 Jackson Place
                                 Steubenville, Ohio  43952

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                 Dated:  March 20, 2013

WAITE, J.

{¶1} Appellant George W. Farnsworth, Jr., appeals the consecutive sentences imposed after he pleaded guilty to two counts of rape and one count of gross sexual imposition. Appellant contends that the trial judge did not make all the findings required by R.C. 2929.14(C)(4) in order to impose consecutive sentences. Appellant is correct, and the case is remanded for resentencing.

{¶2} Appellant was indicted on February 24, 2011, on five counts: count one, rape with a force specification, R.C. 2907.02(A)(1)(b); count two, rape, R.C. 2907.02(A)(2); count three, gross sexual imposition, R.C. 2907.03(A)(5); count four, gross sexual imposition, R.C. 2907.03(A)(4); and count five, felonious sexual penetration with a force specification, R.C. 2907.12 (A)(1)(b). The assaults giving rise to these offenses began in 1994 and continued until May of 2003. There were two victims of the offenses, and both are the biological daughters of Appellant. Both victims were minors when the crimes occurred. One of the sexual assaults resulted in one of the victims becoming pregnant and giving birth at age 14. Appellant admits to the paternity of this baby.

{¶3} On December 12, 2011, Appellant pleaded guilty to counts one, two and four of the indictment. Counts one and two were first degree felonies, and count four was a third degree felony. The other charges were dismissed. At sentencing, the state recommended a sentence of ten years in prison each for counts one and two, to be served consecutively, and two years for count four, to be served concurrently. The court imposed ten years in prison for count one, ten years for count two, and two years for count four, all to run consecutively. The court filed its

judgment entry of sentence on February 24, 2012, and this timely appeal followed. Appellant presents an appeal as a matter of right that the sentence is contrary to law pursuant to R.C. 2953.08(A)(4).

ASSIGNMENT OF ERROR

THE TRIAL COURT FAILED TO MAKE THE NECESSARY FINDINGS REQUIRED UNDER R.C. 2929.14(C) FOR THE IMPOSITION OF CONSECUTIVE SENTENCES.

{¶4}   Appellant argues that a sentencing judge is required to make certain findings before imposing consecutive sentences.  These findings are required by R.C. 2929.14(C)(4), which was passed as part of 2011 Am.Sub.H.B. No. 86 ("H.B. 86"), effective September 30, 2011.  Section 11 of H.B. No. 86 acknowledges that the Ohio Supreme Court had declared such findings to violate the Sixth Amendment right to trial by jury in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *Foster* held that the statutory requirement for judicial fact-finding at sentencing violated the Sixth Amendment right to trial by jury, because the result of judicial fact-finding was that a penalty could be imposed that was more severe than the penalty allowed by the jury verdict standing by itself.  H.B. 86 also notes that the Ohio Supreme Court later concluded in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, that its decision in *Foster* was incorrect with respect to consecutive sentences in light of the United States Supreme Court decision in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009).

{¶5}   In *Hodge*, the Ohio Supreme Court held that "[t]he jury-trial guarantee of the Sixth Amendment to the United States Constitution does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences." *Hodge* at paragraph one of the syllabus.  The Court further held that "[t]he United States Supreme Court's decision in *Oregon v. Ice* * * * d[id] not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*[.]"   *Id.* at paragraph two of the syllabus.  Thus, the *Hodge* Court concluded that "[t]rial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made."  *Id.* at paragraph three of the syllabus.

{¶6}   In H.B. No. 86 the state legislature did just that, by first repealing the former consecutive sentencing statute, R.C. 2929.14(E)(4), and then reviving the requirement that the trial judge make certain findings prior to imposing consecutive sentences in R.C. 2929.14(C)(4).  *See* Sections 2, 11, and 12 of H.B. No. 86.

{¶7}   R.C. 2929.14(C)(4) now provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the

seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by the two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8} Based on the statute, the trial court is required to make three findings before imposing consecutive sentences: 1) that consecutive sentences are necessary to protect the public from the future crime or to punish the offender; 2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and 3) that one of the subsections (a), (b), or (c) apply. The court is not required to give reasons explaining

these findings.  *State v. Frasca*, 11th Dist. No. 2011-T-0108, 2012-Ohio-3746, ¶57.

Neither is the court required to recite any "magic" or "talismanic" words when

imposing consecutive sentences.  *State v. Murrin*, 8th Dist. No. 83714, 2004–Ohio–

3962, ¶12.  Nevertheless, the record must actually reflect that the court made the

findings required by the statute.  For example, in *State v. Bradley*, the Fifth District

Court of Appeals held that the following statement by the trial court did not meet the

statutory requirements for imposing consecutive sentences:

> As has been indicated, based on your record which is as indicated to
>
> give—to not give consecutive sentences would demean the
>
> seriousness of the offenses and not adequately protect the public from
>
> further criminal behavior.  Because of the nature of the offenses the
>
> Court finds that consecutive sentences are in fact warranted, and, and
>
> pursuant to the statute for consecutive sentences the conditions have
>
> been met.  Accordingly, I'm sentencing you to 12 months with regard to
>
> each of the felony fours to be served consecutively one after the other
>
> for a total incarceration of 24 months giving you credit for all time
>
> served to date.

*State v. Bradley*, 5th Dist. No. 2012CA00011, 2012-Ohio-4787, ¶43.

{¶9}  In *Bradley*, the trial court found that the consecutive sentences were

necessary to protect the public from future crime, which is the first of the three

findings required by R.C. 2929.14(C)(4).  The court failed to specifically mention

whether the sentence was disproportionate, or whether one of the findings described

in subsection (a), (b) or (c) had been met. The court did try to justify consecutive sentences by stating: "to not give consecutive sentences would demean the seriousness of the offenses * * *." This language is not found in R.C. 2929.14(C)(4). The phrase "demean the seriousness of the offense" is associated with the court's decision to impose community control sanctions instead of a prison term, or in administering judicial release. It is not a factor in the decision to impose consecutive sentences. R.C. 2929.13(D)(2)(b), 2929.20(J)(1)(b). The phrase was also associated with a prior required finding dealing with imposing more than the minimum sentence, but this finding was determined to be unconstitutional in *Foster* and is not part of the current sentencing laws. *See* former R.C. 2929.14(B)(2). In the *Bradley* case, the trial court's addition of "demean the seriousness of the offense" language was clearly not considered to be a substitute for the findings required by R.C. 2929.14(C)(4).

{¶10} Similar to *Bradley*, the trial court in the instant case failed to make all the findings required by R.C. 2929.14(C)(4). The court made the first two findings required when it stated that consecutive sentences were necessary to punish Appellant, and that consecutive sentences were not disproportionate to the seriousness of the conduct and the danger that Appellant posed. (2/24/12 Tr., pp. 15-16.) However, the finding required by R.C. 2929.14(C)(4)(a)-(c) is absent from this record. The court may have been attempting to allude to the third required finding when it stated:

Of significance to the Court is that the Defendant's daughters were the victims of these offenses. In her statement, R.F. indicates that the sexual assaults occurred too many times for her to remember, starting when she was 9 or 10 years old. R.F. eventually became pregnant at age 14 with the Defendant's child. The Court finds, therefore, that anything less than a significant prison sentence would demean the serious nature of these offenses.

(2/24/12 J.E., p. 2.)

**{¶11}** Even though the court noted it did not want to "demean the serious nature of the offenses," R.C. 2929.14(C)(4)(b) requires more than a statement of the serious nature of the crime. *State v. Wilson*, 8th Dist. No. 97827, 2012-Ohio-4159, ¶12. As discussed, the phrase "demean the serious nature of these offenses" is not associated with the consecutive sentencing statute and may not be used as a substitute for the findings required by the consecutive sentencing statute. R.C. 2929.14(C)(4)(b) requires the trial court to connect the seriousness of the offense with the decision to impose consecutive sentences. The court must find that "the harm caused by the two or more of the multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct." R.C. 2929.14(C)(4)(b). It appears that the trial court would be well within its province in making such a finding given the facts of this case, but a reviewing court may not imply a statutorily required finding that does not appear in the record simply because the facts of the case are particularly appalling. There are

many ways that the court could have expressed its finding that the seriousness of this offense requires consecutive sentences, and the trial judge does not have to recite the exact words of the statute, but the record does have to clearly reflect that the finding was actually made. For this reason, Appellant's assignment of error is sustained.

{¶12} In conclusion, the trial court erred when it did not make all the required findings stated in R.C. 2929.14(C)(4) that are prerequisites to imposing consecutive sentences. Appellant's sentence is hereby vacated and the case is remanded for resentencing.

Donofrio, J., concurs.

Vukovich, J., concurs.