[Cite as *State v. Spencer*, 2014-Ohio-204.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99729**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RANDY SPENCER

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-534892

**BEFORE:** Stewart, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 23, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:   Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Mary H. McGrath
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

**{¶1}** Defendant-appellant, Randy Spencer, acknowledging that he owed the mother of his children $46,784.38 in unpaid child support, pleaded guilty to five, fifth-degree felony counts of criminal nonsupport under R.C. 2919.21(B). The court sentenced Spencer to 12 months on each count and, finding the case to be "one of the worst examples of criminal nonsupport," ordered that he serve the sentences consecutively. The sole assignment of error is that the consecutive sentences were contrary to law because the court failed to make the findings required by R.C. 2929.14(C)(4). The state concedes error.

**{¶2}** In *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, we held that R.C. 2929.14(C)(4) requires the court to enter "separate and distinct" findings before imposing consecutive sentences. *Id.* at ¶ 17. Those findings, as applicable here, would be: (1) that a consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶3}** The court made none of the required findings. It stated:

> Court [sic] makes the following finding with reference to a sentence: This Court finds that this is one of the worst examples of criminal nonsupport. The Court finds that he had an opportunity from June 11, 2012, to February 12, 2013 to make some effort, even if there was one-half payment or $5 payment, the Court would see that he was at least attempting to make a

payment. This is a continued and stedfast [sic] rejection of making child support.

This Court finds that he supported himself, he provided for himself, and the Court believes that as a result of his continued disrespect for this law, disrespect for his kids, disrespect for obeying these proceedings that consecutive sentences are necessary in this case.

{¶4} In *Venes*, we acknowledged that the court does not have to use "magic words" when making the findings required by R.C. 2929.14(C)(4), but that not having the obligation to parrot the words of the statute did not excuse the court from engaging in the required analysis and selecting the appropriate statutory criteria. *Id.*, citing *State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131. In *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 81534, 2003-Ohio-563, we considered former R.C. 2929.14(B) that required the court to impose the shortest sentence on an offender who had not previously served a prison term unless the court found either that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from further crime by the offender or others. We held that the court's statements in the record that might support a finding were not the same thing as making a finding: "While some of [the court's] statements might be sufficient to render a finding that the minimum sentence would demean the seriousness of the offense, we cannot apply those statements as a finding under R.C. 2929.14(B)." *Id.* at ¶ 18. In reaching that conclusion, we specifically rejected the state's contention that certain things said by the court were "conceptually equivalent" to the findings required by the statute. *Id.* at ¶ 19.

**{¶5}** Our analysis in *Cvijetinovic* applies here. The court did not make any of the findings necessary to impose consecutive sentences. It did state that Spencer's crime "is one of the worst examples of criminal nonsupport," but a finding that an offender committed the worst example of an offense is associated with former R.C. 2929.14(C) that authorized the sentencing judge to impose the longest prison term if the judge found that the offender committed the "worst form" of an offense. It might be argued that the statement that Spencer committed the "worst example" of criminal nonsupport would be sufficient to establish that consecutive sentences were necessary to punish him, but that conclusion alone does not satisfy the statutory requirements and stretches our analysis beyond that which the statute permits or what we considered sufficient in *Cvijetinovic*. The assigned error is sustained.

**{¶6}** This cause is reversed and remanded to the trial court for resentencing consistent with this opinion.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR