[Cite as *State v. Wilkerson*, 2014-Ohio-980.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 8-13-06

      v.

MARCUS W. WILKERSON,            O P I N I O N

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 8-13-07

      v.

MARCUS W. WILKERSON,            O P I N I O N

      DEFENDANT-APPELLANT.

---

**Appeals from Logan County Common Pleas Court**
**Trial Court Nos. CR-12-01-0006 and CR-12-06-0132**

**Judgments Reversed and Causes Remanded**

**Date of Decision: March 17, 2014**

---

APPEARANCES:

    *Marc S. Triplett* for Appellant

    *Eric C. Stewart* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Marcus W. Wilkerson appeals the judgments of the Common Pleas Court in Logan County, Ohio, journalizing his convictions by guilty pleas in two separate criminal cases CR 12-01-0006 and CR 12-06-0132, and sentencing him to prison terms in each of the cases, to be served consecutively to each other. Upon Wilkerson's motion, the separate appeals in these cases were consolidated and are hereby considered together. For the reasons that follow, we reverse the trial court's judgments.

{¶2} On March 27, 2012, in case number CR 12-01-0006, Wilkerson was indicted on two counts of trafficking in drugs, each a felony of the fourth degree, and one count of trafficking in drugs, a felony of the fifth degree, all in violation of R.C. 2925.03(A)(1). (R. 1[1] at 4.) The three charges were for offenses committed on October 18, 2011, October 25, 2011, and January 10, 2012, in Logan County, Ohio. Wilkerson was subsequently arraigned and released on personal recognizance. (R. 1 at 11.)

{¶3} While released, with his case pending, Wilkerson committed additional offenses on May 21, 2012, and June 7, 2012, resulting in charges in the second case at issue here. (R. 2 at 2.) Wherefore, on June 12, 2012, Wilkerson was indicted in case number CR 12-06-0132, with one count of trafficking in

---

[1] The designation "R. 1" refers to the trial record in case CR 12-01-0006, and "R. 2" refers to the trial record in case CR 12-06-0132.

drugs in violation of R.C. 2925.03(A)(1), a felony of the fifth degree; one count of possession of drugs, in violation of R.C. 2925.11(A), a felony of the fourth degree; one count of failure to comply with order or signal of police officer in violation of R.C. 2921.331(B), a felony of the fourth degree; and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree. (R. 2 at 2.)

{¶4} After initially pleading not guilty to all charges in both cases, Wilkerson entered a plea agreement resolving all charges in both cases on January 29, 2013. (R. 1 at 83; R. 2 at 85.) As a result of the agreement, Wilkerson pled guilty to two counts in case CR 12-01-0006: Count I, trafficking in drugs, a felony of the fourth degree, and Count III, trafficking in drugs, a felony of the fifth degree. In case CR 12-06-0132, he pled guilty to Count I, trafficking in drugs, a felony of the fifth degree, and Count II, possession of drugs, a felony of the fourth degree. The remaining charges were each dismissed. (*Id.*) The trial court accepted Wilkerson's pleas in both cases at the same proceeding. (*See* Tr. of Proceedings, Jan. 29, 2013; R. 1 at 85; R. 2 at 88.)

{¶5} The consolidated sentencing hearing was held on March 4, 2013. The prosecutor made a statement, in which he highlighted Wilkerson's history of repeated offenses and pointed out that some of them occurred while Wilkerson was on bond awaiting trial on his previous charges. (Sentencing Tr. at 4-5.) The

prosecutor recommended consecutive sentences based on Wilkerson's activities of continuing trafficking in heroin, and his prior convictions. (*Id.* at 5.) After defendant's counsel, the prosecutor, and the defendant himself each made their statements, the trial court commented:

> The pattern of your conduct here is a concern to the Court. * * * The number of convictions and the continued pattern that Mr. Stewart has pointed out here in my mind requires the Court to send you to the -- to the department of corrections for a substantial period of time.

(Sentencing Tr. at 7.)

{¶6} The court then sentenced Wilkerson as follows. In case CR 12-01-0006, the trial court imposed a prison sentence of eighteen months for count one, and ten months for count three, to run concurrently, for a total of eighteen months. (*Id.*) In case CR 12-06-0132, the court imposed a sentence of ten months on count one, and eighteen months on count two, to run concurrently, for a total of eighteen months. (*Id.* at 7, 9.) The eighteen-month sentences from the two cases were ordered to be served consecutively to each other, for a total of thirty-six months in prison. (*Id.*) As the reasons for imposing consecutive sentences in the two cases, the trial court stated,

> The reasons for doing this are stated by the -- stated by the prosecutor. That you're out on bond and you continue in this course of criminal conduct, and the Court finds that because of that it's necessary to protect the public and to adequately punish you in a

way that's not disproportionate with other sentences this Court gives
to impose the consecutive sentences.

(*Id.* at 8.)  At the conclusion of the hearing, the prosecutor asked, "Costs assessed

or waived?"  (*Id.* at 9.)  The trial court responded, "Costs is [sic] assessed to the

defendant."  (*Id.* at 10.)

{¶7} The trial court issued a written Judgment Entry/Sentencing in each of

the cases on March 21, 2013, memorializing the sentences imposed and ordering

Wilkerson "to pay the costs of prosecution and any fees permitted pursuant to

Ohio Revised Code Sections 2929.18(A) and 2947.23."  (R. 1 at 89; R. 2 at 93.)

The written judgment entry did not reiterate the court's findings in support of

imposing consecutive sentences.

{¶8} Wilkerson filed a timely notice of appeal alleging two assignments of

error for our review.

### *First Assignment of Error*

**The Trial Court Acted Contrary to Law When It Ordered That the Sentences Imposed in Appellant's Two Cases Be Served Consecutively.**

### *Second Assignment of Error*

**The Trial Court Acted Contrary to Law When It Imposed Financial Sanctions.**

*First Assignment of Error*

**{¶9}** Wilkerson argues that the trial court erred by failing to make certain findings necessary for imposing consecutive sentences under R.C. 2929.14(C)(4). He urges us to reverse those portions of the trial court's judgments that require the sentences to be served consecutively.[2]

**{¶10}** Under Ohio law, the general rule is that sentences of imprisonment shall be served concurrently. R.C. 2929.41(A); *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, ¶ 11. An exception to this general rule is found in R.C. 2929.14(C)(4), which authorizes the trial court to impose consecutive sentences if certain specific findings are made on the record. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Under R.C. 2929.14(C)(4),

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

---

[2] We notice that in his conclusion, likely by mistake, Wilkerson asks us to "reverse the portions of the defendant's sentences that * * * require the sentences be served concurrently." (App't Br. at 8-9; Reply Br. at 7.) We believe his intention was to ask for a reversal of the imposition of *consecutive* sentences, as the rest of his brief so indicates. (*See, e.g.*, App't Br. at 7 (asking us to "sustain Assignment of Error No. 1 and reverse the consecutive sentences").)

(a)  The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14.

**{¶11}** Therefore, in order to impose consecutive sentences, the trial court must find on the record that (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed and to the danger posed to the public by the offender; and (3) the timing of the offense, the harm caused, or the offender's criminal history justify the imposition of consecutive sentences. *Id.*; *Peddicord*, 2013-Ohio-3398, at ¶ 33.  Wilkerson asserts that the trial court failed to find that consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger he posed to the public, as required by the statute.  He argues that the trial court's words "necessary * * * to adequately punish you in a way that's

not disproportionate with other sentences this Court gives to impose the consecutive sentences" are insufficient to satisfy the mandated standard. The State responds that this language satisfied the statutory requirements and that the record further shows that the trial court engaged in the correct analysis.

{¶12} The issue for our review is whether the trial court made the necessary statutory findings to support Wilkerson's consecutive sentences. "When a statute directs a court to make findings before imposing a particular sentence, a failure to make those findings is 'contrary to law' " and the sentence must be overturned. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 12 (8th Dist.), quoting *State v. Jones,* 93 Ohio St.3d 391, 399, 754 N.E.2d 1252 (2001); *accord State v. Hill*, 3d Dist. Henry No. 7-12-11, 2013-Ohio-3873, ¶ 23; *State v. Webb*, 3d Dist. Marion No. 9-03-64, 2004-Ohio-3555, ¶ 5. Therefore, if the trial court imposes consecutive sentences without making the required R.C. 2929.14(C)(4) findings, the resulting sentence is "clearly and convincingly contrary to law." *Hill*, 2013-Ohio-3873, at ¶ 23.

{¶13} An appellate court must conduct a meaningful review of the imposition of consecutive sentences by the trial court. *State v. Billeg*, 3d Dist. Wyandot No. 16-12-03, 2013-Ohio-219, ¶ 20; *State v. Daughenbaugh*, 3d Dist. Wyandot No. 16-07-07, 2007-Ohio-5774, ¶ 8. If the appellate court determines that the imposed sentence is clearly and convincingly contrary to law, it can

"modify or vacate the sentence and remand the matter to the trial court for re-sentencing." *Daughenbaugh*, 2007-Ohio-5774, at ¶ 8.

{¶14} "The trial court is not required to recite any 'magic' or 'talismanic' words when imposing consecutive sentences, as long as it is 'clear from the record that the trial court engaged in the appropriate analysis.' " *State v. Bentley*, 3d Dist. No. 9-12-31, 2013-Ohio-852, ¶ 13, quoting *State v. Murrin,* 8th Dist. Cuyahoga No. 83714, 2004-Ohio-3962, ¶ 12. Nevertheless, the trial court is not relieved from the duty to make the specific findings; therefore implied findings will not suffice. *See State v. Spencer*, 8th Dist. Cuyahoga No. 99729, 2014-Ohio-204, ¶ 4; *Venes*, 2013-Ohio-1891, at ¶ 14. In order to satisfy the statutory requirement of making the specific findings, the record must reflect that the trial court engaged in the analysis called for by the statute and selected the appropriate statutory criteria. *Spencer*, 2014-Ohio-204, at ¶ 4; *State v. Wills*, 2d Dist. Montgomery No. 25357, 2013-Ohio-4507, ¶ 29; *State v. Whitaker*, 2013-Ohio-4434, 999 N.E.2d 278, ¶ 77 (12th Dist.); *State v. Mitchell*, 3d Dist. Crawford No. 3-01-20, 2002 WL 468586, *2 (2002); *State v. Moore*, 142 Ohio App.3d 593, 597, 756 N.E.2d 686 (4th Dist. 2001). It follows that we will not read the trial court's comments as implying the proper findings if the record lacks any indication that those specific findings were made. The record must reflect "separate and distinct" findings for imposing consecutive sentences. *Spencer*, 2014-Ohio-204, at ¶ 2.

**{¶15}** The State argues that that the comment made by the trial court regarding proportionality of Wilkerson's punishment to other sentences imposed by the trial court and the statement that the consecutive sentences are necessary to protect the public show that the trial court engaged in the proper analysis. Wilkerson disagrees.  A review of other cases on point decided by Ohio appellate courts after the new version of R.C. 2929.14(C)(4) was enacted is instructive in resolving the argument.

**{¶16}** In *State v. Temple,* the Second District Court of Appeals analyzed the trial court's statements and held that although the trial court did not use the statutory language, the record showed that the proper analysis was applied.  2d Dist. Clark No.2012-CA-65, 2013-Ohio-3843, ¶ 22-26.

> The record indicates that the trial court made the first finding required by R.C. 2929.14(C)(4) when the court referred to the need to punish the offender and to protect the community from future crime. Additionally, the trial court noted that Temple showed no remorse for abusing J.B. "[A]n offender 'is likely to commit future crimes' if '[t]he offender shows no genuine remorse for the offense.' " *State v. Newcomb,* 10th Dist. Franklin No. 04AP-1223, 2005-Ohio-4570, ¶ 28, quoting R.C. 2929.12(D)(5). Accordingly, Temple's lack of remorse indicates a need to protect the community from future crimes.
>
> The second required finding is referred to when the trial court discussed the seriousness of the offender's conduct, and noted that Temple's offenses were the most severe, given their nature and duration.

The third finding under section (b) of the statute is satisfied, because the trial court recognized that Temple's four convictions were based on a series of events that occurred over a two and one-half year period. This indicates that Temple's offenses were not based on one course of conduct, but that each offense was based on numerous courses of conduct that occurred over a long period of time. The trial court also recognized the negative effect the abuse had on J.B., the long duration of the abuse, and the disturbing way in which the abuse was inflicted. This indicates that the court considered the degree of harm that was caused by Temple's offenses, and that the court found it sufficient to warrant consecutive sentences.

*Id.* at ¶¶ 23-25.

{¶17} The Eleventh District Court of Appeals recently reviewed an issue of sufficiency of the trial court's R.C. 2929.14(C)(4) findings in *State v. Koeser*, 11th Dist. Portage No. 2013-P-0041, 2013-Ohio-5838. In that case, the trial court found that the defendant had pled guilty to three distinct counts "each of which was committed on February 15, 2012, at [the defendant's] residence," that the defendant "was involved in the manufacture of a 'bus load' of marijuana and psilocin mushrooms at that time, and that this activity occurred in the presence of [the defendant's] child." *Id.* at ¶ 27. The Court of Appeals found these specific findings sufficient to satisfy the factor that "at least two of the offenses were committed as part of a course of conduct." *Id.* The trial court also commented that the defendant's "involvement in these crimes '[p]ut her daughter in danger,' " that "there has to be a clear message sent that this is not going to be tolerated, especially around children this cannot be tolerated," and "You cannot tell me that

a normal person would feel that a bus load of mushrooms and pot would be a minor misdemeanor, or a misdemeanor offense, or something less than that." *Id.* at ¶ 28-29. These statements were sufficient to satisfy the required finding that "the harm caused by two or more of the offenses was so great or unusual that no one prison term for any of the offenses adequately reflects the seriousness of [the defendant's] conduct." *Id.* One of the appellate judges dissented from this decision criticizing the majority's holding as one inferring the proper findings "by piecing together statements made at sentencing." *Id.* at ¶ 42, (O'Toole, J., dissenting). We note, however, that the findings in *Koeser* more closely resembled the requirements of the statute than the findings in the current case because although the appellate court had to "piece[] together" the trial court's statements, the findings sufficient for "piecing together" were present in the court's comments on the record.

{¶18} In a case from the Twelfth District Court of Appeals, *State v. Whitaker*, the trial court explained that it imposed consecutive sentences "because of the seriousness of the offense" and that "[c]oncurrent sentences simply would demean the seriousness of the offense and would not amply protect the public from future crime by the Defendant." 2013-Ohio-4434, at ¶ 78. The trial court further noted that

the offenses consisted of two separate incidents of kidnapping and assaulting the same victim, the two incidents were approximately a week apart and thus did not "just happe[n] at the spur of the moment," the offenses were not isolated offenses but rather were "one of many offenses, at least four in the last twenty years," and in fact, appellant had "spent quite a bit of time in prison" for a previous offense involving another female victim.

The trial court also stated this was "the worst" case it had ever seen in 30 years of being on the bench, appellant came close to killing the victim during the December 3, 2011 incident, and based on the two 2011 incidents and appellant's criminal history, appellant was a "very dangerous person." The trial court noted that when appellant was released in 2006 or 2007 after serving prison time for a previous offense, he was released against the will of the prosecutors that had handled the case, and "it wasn't that long after his release that these offenses were committed."

*Id.* at ¶¶ 79-80. The court of appeals determined that the above comments were sufficient to prove that the trial court engaged in the required analysis and selected the appropriate statutory criteria because "the language employed by the trial court complie[d] with the statutory requisites." *Id.* at ¶¶ 78, 81. We note that in that case the trial court did not expressly engage in the proportionality analysis on the record, although it noted that the defendant was a "very dangerous person." *Id.* at ¶ 79-80.

{¶19} In contrast to the above cases, which hold that the record sufficiently showed that the trial court engaged in the proper R.C. 2929.14(C)(4) analysis, stand the holdings of the courts below, including this court. We recently reversed

the trial court's imposition of consecutive sentences, where the trial court imposing consecutive sentences stated,

> These, the court finds, are ordered to be served consecutively as a result of these crimes being ones that are multiple in nature, and the harm committed was so great or unusual that no single prison term for the offenses as a whole should be imposed by the court consistent with the seriousness of the defendant's conduct bringing about the results of this criminal activity.

*State v. Billenstein*, 3d Dist. Mercer No. 10-13-10, 2014-Ohio-255, ¶ 69. We held that although the trial court's statements satisfied R.C. 2929.14(C)(4)(b), they were insufficient for "the other two necessary findings." *Id.* at ¶¶ 68-69. Similarly, we reversed the imposition of consecutive sentences in *Peddicord*, 2013-Ohio-3398, where "the trial court stated that it considered the factors set forth in R.C. 2929.14," but "it did not make any of the three statutory findings that are required by R.C. 2929.14(C)." *Id.* at ¶ 33. In *State v. Upkins*, 3d Dist. Shelby No. 17-12-13, 2012-Ohio-6114, "[t]he trial court specified that it 'considered the consecutive factors under R.C. 2929.14(C)(4),' " but it did not make "a finding that 1) consecutive sentences were necessary for the statutory reasons or 2) that consecutive sentences were not disproportionate." *Id.* at ¶ 4. Although the trial court in *Upkins* discussed the defendant's past criminal history, which might satisfy the third finding required by the statute, the remaining findings were lacking. *Id.*

{¶20} In the Second District's case, *State v. Cade*, 2d Dist. Clark No. 2012-CA-72, 2013-Ohio-5162, the trial court discussed the defendant's extensive criminal record when analyzing the seriousness and recidivism factors required under another section of the Revised Code.[3] *Id.* at ¶ 8. The trial court then found that the defendant was on post-release control at the time of his offenses and that "the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary." *Id.* at ¶ 11. The Court of Appeals held that the trial court failed "to find that consecutive sentences were 'necessary to protect the public from future crime or to punish the offender' " and that they were " 'not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.' " *Id.* at ¶¶ 11-12, quoting R.C. 2929.14(C)(4). In yet another Second District's case, *State v. Wills*, 2013-Ohio-4507, the trial court made multiple statements emphasizing how outrageous the defendant's conduct was. Defending the trial court's decision to impose consecutive sentences, the State argued that "the findings necessary for the imposition of consecutive sentences are 'implicit' in the court's remarks at sentencing." *Id.* at ¶ 31. The appellate court rejected the State's argument, holding that "[w]hile the trial court was not required to recite the exact language of R.C. 2929.14(C)(4), the trial court

---

[3] *See* R.C. 2929.12.

was nevertheless required to make the specific findings required by the statute, and we are hesitant to impute our interpretation to the trial court's comments." *Id.*

{¶21} The Eight District Court of Appeals also recently reversed a case on the grounds that the trial court did not properly make the required findings before imposing consecutive sentences. *Venes*, 2013-Ohio-1891. In that case, the trial court made no specific findings but only stated,

> The court has reviewed for purposes of sentencing, and the need to protect the public, [sic] the court finds that sentencing you on any less than four counts of this indictment would seriously demean the crime involved here, which is cyber-porn of children and the court will impose the sentence that I imposed originally on this case.
>
> I see no reason to deviate downward and I will not deviate upward even based on the diagnosis of pedophilia because I believe that the court's sentence is ample to cover that diagnosis.

*Id.* at ¶ 23. In reviewing the sentence, the court of appeals noted that some of the trial court's statements could possibly "be pieced together and found, however remotely, to encompass the findings necessary to impose consecutive sentences. But for us to engage in that kind of review defeats the purpose of R.C. 2929.14(C)(4)." *Id.*at ¶ 24. Rejecting the State's invitation to use the trial court's comments scattered through five different pages of the trial transcript, the appellate court stated,

> regardless of what the trial judge might say during sentencing regarding the purposes and goals of criminal sentencing, compliance with R.C. 2929.14(C)(4) requires *separate and distinct* findings in

addition to any findings relating to purposes and goals of criminal sentencing. Too often, we have been called to examine words or phrases scattered throughout a sentencing transcript and piece them together to decide whether the court made the required findings. * * * If the word "findings" is to have any meaning at all, it means nothing less than the court must "engage[ ] in the required analysis and select[ ] the appropriate statutory criteria" before ordering sentences to be served consecutively. *State v. Edmonson,* 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Only then will the imposition of consecutive sentences not be contrary to law.

We recognize that this strict approach will likely cause the reversal of some consecutive sentences. However, a long-view approach will ultimately result in far fewer appeals of consecutive sentences.

(Alterations in original.) *Id.* at ¶¶ 17-18.

**{¶22}** The same court in its recent decision, S*tate v. Spencer*, affirmed its previous holding rejecting an argument that "certain things said by the court were 'conceptually equivalent' to the findings required by the statute," and held that "the court's statements in the record that might support a finding were not the same as making a finding." 2014-Ohio-204, ¶ 4, citing *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 81534, 2003-Ohio-563. In *Spencer*, the trial court stated that the defendant's crime was "one of the worst examples of criminal nonsupport." *Id.* at ¶ 3. The trial court further commented that it believed that the consecutive sentences were necessary "as a result of [the defendant's] continued disrespect for this law, disrespect for his kids, disrespect for obeying these proceedings." *Id.*

The appellate court held that the trial court's comments were insufficient to satisfy "any of the findings necessary to impose consecutive sentences." *Id.* at ¶ 5.

{¶23} Moving on to the case at issue and comparing it to the above-cited decisions, we recognize that this is a close case. But in order to avoid "frustrat[ing] the purposes underlying the requirement for findings as a predicate for ordering consecutive sentences," we must distinguish between findings that are weak but sufficient and no findings at all. *See Venes*, 2013-Ohio-1891, at ¶ 14. Here, the trial court satisfied the first required finding of R.C. 2929.14(C)(4), by stating that the consecutive sentences were "necessary to protect the public and to adequately punish you." (Sentencing Tr. at 8.) The third element, which is one of the three additional ((a), (b), (c)) factors of R.C. 2929.14(C)(4), might be satisfied by the trial court's reference to "[t]he number of convictions," and being "out on bond" while continuing "in this course of criminal conduct." (*Id.* at 7-8.)

{¶24} We find the greatest problem with the second element of R.C. 2929.14(C)(4), because the trial court did not note that it engaged in any analysis regarding proportionality of the sentences imposed to Wilkerson's conduct or to the danger he posed to the public. While the language "punish you in a way that's not disproportionate with other sentences this court gives to impose consecutive sentences," might arguably satisfy the part of the statutory analysis that calls for comparing the consecutive sentences to seriousness of the offender's conduct, this

language would require us to engage in a series of inferences suggested by the State. (*See* Appellee's Br. at 7 ("There is no way the trial court could have analyzed the proportionality of the defendant's conduct to other cases without considering the proportionality of the defendant's sentence with his own conduct in his own case.")) Furthermore, this language could not be used to say that the trial court found the sentence was not disproportionate to the danger Wilkerson posed to the public. Indeed, the record lacks any reference to the proportionality of the consecutive sentences to the danger Wilkerson poses to the public. Accordingly, we hold that no such finding was made on the record.

{¶25} The trial court's failure to make all of the required specific findings for imposition of consecutive sentences resulted in Wilkerson's sentence being contrary to law. As such, Wilkerson's first assignment of error is sustained.

*Second Assignment of Error*

{¶26} In his second assignment of error, Wilkerson challenges the trial court's imposition of financial sanctions upon him. In particular, Wilkerson points to discrepancy between the statement "costs is [sic] assessed to the Defendant," made at the sentencing hearing, and the statement in the judgment entry that orders him "to pay the costs of prosecution and any fees permitted pursuant to Ohio Revised Code Sections 2929.18(A) and 2947.23." (Sentencing Tr. at 10; J. Entry at 2.)

**{¶27}** Because our resolution of the first assignment of error requires that Wilkerson be resentenced, this assignment of error is moot. The trial court can consider and address imposition of any financial sanctions at Wilkerson's resentencing hearing.

*Conclusion*

**{¶28}** Having found error prejudicial to Appellant, we reverse the trial court's judgments and remand these matters to the trial court for resentencing consistent with this opinion. The judgments of the Common Pleas Court in Logan County, Ohio, are thereby reversed.

*Judgments Reversed and*
*Causes Remanded*

**ROGERS and SHAW, J.J., concur.**

**/jlr**