[Cite as *State v. Vargas*, 2014-Ohio-5250.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

        Plaintiff-Appellee,                    :

                                              No. 14AP-515

v.                                                          :          (C.P.C. No. 10CR-0651)

Luis M. Vargas,                                     :          (REGULAR CALENDAR)

        Defendant-Appellant.                  :

---

D E C I S I O N

Rendered on November 25, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Todd W. Barstow*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Luis M. Vargas, appeals from the June 4, 2014 amended judgment entry of conviction entered in the Franklin County Court of Common Pleas following a June 2, 2014 resentencing hearing. Appellant was resentenced as a result of our March 6, 2014 decision reversing and remanding the sentences imposed for his rape and kidnapping offenses. *State v. Vargas*, 10th Dist. No. 12AP-692, 2014-Ohio-843. For the following reasons, we affirm.

## I. BACKGROUND

{¶ 2} In February 2010, appellant was indicted for kidnapping and raping a female victim at knifepoint. Following the August 2010 trial, the jury returned verdicts

finding appellant guilty of one count of kidnapping and two counts of rape. At the September 3, 2010 sentencing hearing, the trial court imposed an eight-year sentence on each count of kidnapping and rape and ordered the sentences on the rape counts to be served consecutively to one another, but concurrently with the sentence on the kidnapping count.

{¶ 3} Appellant appealed asserting arguments regarding the sufficiency and manifest weight of the evidence, due process violations, and ineffective assistance of counsel. Appellee, State of Ohio, filed a cross-appeal, asserting the trial court erred by purportedly merging the rape counts and the kidnapping count through the imposition of concurrent sentences.

{¶ 4} On appeal, this court affirmed appellant's convictions. However, we vacated appellant's sentence and remanded the matter to consider merger applying *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, and to consider other relevant sentencing factors, including consecutive sentences under R.C. 2929.14. *State v. Vargas*, 10th Dist. No. 10AP-952, 2012-Ohio-6368.

{¶ 5} At the July 17, 2012 resentencing hearing, the trial court merged the kidnapping count with the rape counts, imposed an 8-year sentence for each rape conviction, and ran the sentences consecutively for a total sentence of 16 years. Appellee appealed arguing the trial court erred in merging the kidnapping count with the rape counts. This court agreed and reversed and remanded the matter for a de novo resentencing hearing. *Vargas*, 2014-Ohio-843.

{¶ 6} At the June 2, 2014 resentencing hearing, the trial court again imposed an eight-year sentence on each count of kidnapping and rape and ordered the sentences on the rape counts to be served consecutively to one another, but concurrently with the sentence on the kidnapping count.

## II. ASSIGNMENT OF ERROR

{¶ 7} In a timely appeal, appellant sets forth a single assignment of error for our review:

> THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.

## III.  DISCUSSION

{¶ 8}   In his single assignment of error, appellant contends the trial court erred in imposing consecutive sentences on his rape convictions without making the necessary findings required by R.C. 2929.14(C)(4).

{¶ 9}   At the outset, we note that appellant did not object to the imposition of consecutive sentences at the sentencing hearing; thus, he has forfeited all but plain error. *See* Crim.R. 52(B); *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 8.  Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  "To constitute plain error, the error must be obvious on the record, palpable, and fundamental such that it should have been apparent to the trial court without objection."  *State v. Gullick*, 10th Dist. No. 13AP-26, 2013-Ohio-3342, ¶ 3, citing *State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995).

{¶ 10}  Pursuant to R.C. 2929.14(C)(4), when a trial court sentences an offender to consecutive sentences for multiple offenses, it must make specific findings of fact.  The statute provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 11} Accordingly, the trial court is required under R.C. 2929.14(C)(4) to make three findings before imposing consecutive sentences: " '(1) that consecutive sentences are necessary to protect the public from * * * future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b), or (c) apply.' " *State v. Ayers*, 10th Dist. No. 13AP-371, 2014-Ohio-276, ¶ 12, quoting *State v. Roush*, 10th Dist. No. 12AP-201, 2013-Ohio-3162, ¶ 76.

{¶ 12} When imposing consecutive sentences, a trial court is not required to provide reasons for its findings; rather, a trial court is only required to make the findings required by R.C. 2929.14(C)(4). *State v. Zonars*, 10th Dist. No. 13AP-735, 2014-Ohio-2023, ¶ 32, citing *Wilson* at ¶ 19. *See also State v. Sullivan*, 10th Dist. No. 11AP-414, 2012-Ohio-2737, ¶ 24 (R.C. 2929.14(C)(4) "requires *findings* before imposing consecutive terms, but not *reasons* for imposing said terms") (emphasis sic).

{¶ 13} At the resentencing hearing, the trial court averred:

THE COURT: Okay. It's eight years on each count. Count 1 [kidnapping] will run concurrent to 4 and 5 [rapes], which will run consecutive. They're consecutive because pursuant to R.C. 2929.14(C)(4)(b), these were a continuous course of conduct. Due to the nature of the offense, it is necessary to protect the public and to punish the offender and that consecutive sentences will do this and one sentence will not be enough because of the multiplicity of the events that occurred.

Furthermore, I will find that this sentence is not disproportionate to the seriousness of the defendant's conduct and to the danger the offender poses to the public.

* * * So it's basically the same sentence without the merger.

(June 2, 2014 Tr. 6.)

{¶ 14} Appellant concedes that the trial court made the first and second required findings. However, appellant claims the trial court failed to make the third required finding. Specifically, appellant maintains the trial court failed to find under R.C.

2929.14(C)(4)(b) that "the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶ 15} In *State v. Adams*, 10th Dist. No. 13AP-783, 2014-Ohio-1809, ¶ 18, this court made the following comments regarding consecutive sentences:

> "In order to satisfy the statutory requirement of making the specific findings, the record must reflect that the trial court engaged in the analysis called for by the statute and selected the appropriate statutory criteria." *State v. Wilkerson*, 3d Dist. No. 8-13-06, 2014-Ohio-980, ¶ 14, citing *State v. Spencer*, 8th Dist. No. 99729, 2014-Ohio-204. Accordingly, the real question in this appeal is whether it is clear from the record that the trial court engaged in the appropriate analysis. [*State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254] at ¶ 40. *See also State v. Murrin*, 8th Dist. No. 83714, 2004-Ohio-3962, ¶ 12; *State v. Bratton*, 6th Dist. No. L-12-1219, 2013-Ohio-3293, ¶ 17; *Wilkerson* at ¶ 14; *State v. Baker*, 5th Dist. No. 2013CA0001, 2013-Ohio-2891, ¶ 14. In answering that question, we note that the trial court is not required to recite any "magic" or "talismanic" words when imposing consecutive sentences. *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, citing *State v. Farnsworth*, 7th Dist. No. 12 CO 10, 2013-Ohio-1275. While "[r]ote recitation is preferred to avoid * * * linguistic arguments on appeal, * * * it is not required of a trial court; synonymous words and phrasing can fulfill a court's obligation with regards to sentencing findings." *Power* at ¶ 44. Indeed, courts of appeals have upheld the imposition of consecutive sentences where the sentencing court employed "conceptually equivalent phraseology" in making the required findings. *Id.* at ¶ 45, citing *State v. Lenigar*, 10th Dist. No. 03AP-53, 2003-Ohio-5493, ¶ 15.

{¶ 16} Although the trial court did not recite the "talismanic" words that the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct, we find the trial court employed "conceptually equivalent phraseology" in making that finding. *Id.* at ¶ 18, citing *State v. Lenigar*, 10th Dist. No. 03AP-53, 2003-Ohio-5493, ¶ 15. The trial court

found that "[d]ue to the nature of the offense, * * * one sentence would not be enough because of the multiplicity of the events that occurred." (June 2, 2014 Tr. 6.) While inartfully phrased, the trial court's statement can be construed to mean that the harm caused by appellant's multiple rapes was so great that a single prison term would not adequately reflect the seriousness of his conduct. We thus conclude the trial court engaged in the appropriate analysis and made the required findings under R.C. 2929.14(C)(4)(b).

{¶ 17} Because the record establishes the trial court made the findings required by R.C. 2929.14(C)(4) prior to imposing consecutive sentences on appellant's multiple offenses, no error, plain or otherwise, occurred. Accordingly, appellant's assignment of error is overruled.

## IV. CONCLUSION

{¶ 18} Having overruled appellant's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

_____